Nov. Term,
1839.

MARTIN
v.
BAKER.

MARTIN v. BAKER, Administrator.

Covenants of seisin, and for quiet enjoyment against incumbrances, contained in a conveyance of real estate to the grantee and his heirs, run with the land; and a suit on them lies by the assignee, devisee, or heir of the grantee.

An administrator of the grantee cannot sue on such covenants, without showing some special damage to have accrued to his intestate.

In assigning a breach of the covenant of seisin, it is sufficient to allege in the direct negative, that the defendant was not seised in fee; but in assigning a breach of the covenant for quiet enjoyment against incumbrances, the mere allegation that the party could not so enjoy the land, is not sufficient.

Covenants for title run with the land, in favour of the heir, unless an evident intention to the contrary be shown by the deed.

*Friday,*
*November 29.*

ERROR to the *Washington* Probate Court.

·BLACKFORD, J.—This was an action of covenant brought by *Baker*, administrator of *Wyman*, against *Martin.* The declaration states that the defendant, on, &c., in consideration, &c., by a deed of 'conveyance, bargained and sold to the intestate a certain tract of land; to have and to hold the same to the intestate, his heirs and assigns forever; and that the defendant by that deed covenanted with the intestate, that he, the defendant, was seised in fee of the land, and had good right and lawful authority to sell and convey the same to the intestate. The declaration also states that there was another covenant in ·the deed, viz. that the intestate should lawfully possess and enjoy the land free from all incumbrances. The breach assigned of the first covenant is, that the defendant was not seised in fee, nor had he good right and lawful authority to sell and convey the land. The breach assigned of the second covenant is, that neither the intestate nor his heirs could lawfully possess and enjoy the land free from all incumbrances. The defendant pleaded seven pleas in bar. Two were demurred to; and issues were joined on the others. The demurrers were sustained. The issues in fact were submitted to the Court, and judgment rendered for the plaintiff for 150 dollars.

The principal question presented by this cause for our consideration is, whether the suit can be sustained by the administrator of the grantee?

The first covenant described in the declaration is a cove-
nant of seisin, and no special damage is alleged to have
accrued to the intestate. We consider that to be a real
covenant, and one that runs with the land. Our opinion
must consequently be, that the suit on that covenant should
have been brought by the heir, and not by the administrator.

It may be remarked here, that as respects the right to
sue on the covenant of seisin, the heir of the grantee stands
on the same ground with a devisee or assignee of the grantee.
If the administrator can sue in this case, it is because the
covenant does not run with the land, and that construction
of the covenant must exclude a devisee, or subsequent
grantee, as well as the heir, from the right to sue on it.

We are aware that there are some *American* cases in
opposition to our opinion as to the covenant of seisin. They
say that this covenant cannot run with the land, because it
is broken in the life-time of the ancestor. Chancellor *Kent*,
though he approves of those cases, says they are founded on
a *technical scruple*, the existence of which he regrets. He
justly remarks, that the assignee is the most interested in
the covenant, and the most fit person to claim the indemnity
secured by it, for the compensation belongs to him as the
last purchaser, and the first sufferer. 4 Kent's Comm. 472.
When it was first decided in *New-York*, that an assignee
could not sue on this covenant, the modern *English* decisions
to which we shall presently refer, had not been made. The
*New-York* Court, too, was divided in opinion; *Livingston*, jus-
tice, afterwards a judge of the Supreme Court of the *United
States*, dissenting. *Greenby* v. *Wilcocks*, 2 Johns. Rep. 1.

It appears to us to be a mistake to say, that the covenant
of seisin cannot pass to the heir or assignee of the grantee.
The covenant is not inserted in the deed merely for the
grantee's benefit, but for the benefit of all others who may
derive their claim to the land through him. Whoever thus
derives his right, and ultimately sustains damages in conse-
quence of the covenantor's want of title, may sue him for
the breach.

It is said in one of the oldest and best books of the law,
that if a man make a covenant by deed to another and his
heirs to enfeoff him and his heirs of the manor of *D.* &c.;

Nov. Term,
1839.

MARTIN
v.
BAKER.

now if he will not do it, and he to whom the covenant is made dieth, his heir shall have a writ of covenant upon that deed. Fitzherbert's N. B. 341, C. In that case, the breach of the covenant to enfeoff accrued in the time of the ancestor, and still it was held to enure to the benefit of the heir. This case is directly in point against that of *Greenby* v. *Wilcocks*, and those which have followed the latter. If a covenant to enfeoff, broken in the ancestor's time by a refusal to perform it, passes to the heir as the person ultimately injured by the breach, the same must be said as to the covenant of seisin. There is no difference in principle in the cases.

The question, can an executrix sue for a breach of the covenant of seisin, without showing some special damage to have accrued to the ancestor? came before the Court of king's bench in 1813, and was decided in the negative. *Bayley*, justice, said that the testator might have sued in his lifetime ; but having forborne to sue, the covenant real and the right of suit thereon, devolved with the estate upon the heir. If this were not so, and the executrix was permitted to take advantage of this breach of covenant, she would be recovering damages to be afterwards distributed as personal assets, for that which is really a damage to the heir alone; and yet such recovery would be a complete bar *to any action* which the heir might bring. *Kingdon* v. *Nottle*, 1 M. & Selw. 355.

A case involving the same principle was decided by the Court of common pleas in 1814. The grantor covenanted with the grantee and his heirs to do all lawful and reasonable acts for further assurance upon request. The request was afterwards made by the grantee and refused by the grantor. The grantee died, not having sued for the breach, and not having been evicted. His heir brought a suit for the breach of covenant; and the Court sustained it. *Heath*, justice, said that the ultimate damage not having been sustained in the time of the ancestor, the action remained to the heir, (who represents the ancestor in respect of land, as the executor does in respect of personalty,) in preference to the executor. *King* v. *Jones*, 5 Taunt. 418. In that case, the doctrine in *Fitzherbert* and the case of *Kingdon* v. *Nottle*,

which we have cited, were referred to and approved of by the Court.

Another case occurred in the Court of king's bench in 1815. It was an action by a devisee on the covenant of seisin ; and the plaintiff recovered. The chief justice in that case says,—Here the covenant passes with the land to the devisee, and has been broken in the time of the devisee ; for so long as the defendant has not a good title, there is a continuing breach, and it is not like a covenant to do an act of solitary performance, which, not being done, the covenant is broken once for all, but is in the nature of a covenant to do a thing *toties-quoties*, as the exigency of the case may require. Here, according to the letter, there was a breach in the testator's life-time ; but according to the spirit, the substantial breach is in the time of the devisee, for she has thereby lost the fruit of the covenant in not being able to dispose of the estate. *Kingdon* v. *Nottle*, 4 M. & Selw. 53.

The law on this subject is stated in the following books, to be as it is settled in the three decisions just mentioned. Platt on Cov. 515.— 2 Sugd. on Vend. 77 to 79.—Williams on Executors, 519.—1 Chitt. Pl. 24.

These *English* authorities are sufficient to show, that the principle, viz. that a chose in action is not assignable, which was relied on in the *New-York* case, is not applicable to the covenant of seisin.

The decisions we have cited in 5 Taunton and 4 M. & Selw., that the heir or devisee may sue in these cases, are confirmatory of the decision in 1 M. & Selw., that the executor cannot, unless there was a special damage to the testator. If the heir or devisee has a right to sue for the ultimate damage arising from the breach, it is obvious that the executor has no such right. There, cannot be two recoveries against the grantor for the same breach of covenant, and for the same damages.

With respect to the second covenant set out in the declaration, viz., for quiet enjoyment against incumbrances, it may be observed that if the administrator cannot sue on the first covenant, without averring a special damage to his intestate, it follows necessarily that, without such an aver-

Nov. Term, 1839.

MARTIN
v.
BAKER.

Nov. Term, 1839.

ment, he cannot sue on the second. Besides, the breach assigned of the second covenant is, at all events, too general to be supported. In an action on the covenant of seisin, it is sufficient to allege, in the direct negative, that the defendant was not seised in fee. But where the covenant is for quiet enjoyment free from incumbrances, the mere allegation, as in the case before us, that the party could not so enjoy the land, is not sufficient. Platt on Covenants, 308, 331, 332.

It is proper to notice, that the declaration does not state that the heirs are included in the covenants. But this circumstance, we conceive, is not material. The conveyance is to the ancestor and his heirs, and the covenants real descend to the heirs. The covenants for title run with the land, in favour of the heir, unless an evident intention to the contrary be shown by the deed. Platt on Cov. 518.— 1 Chitt. Pl. 24. In this case, no such contrary intention is shown.

We are of opinion, for these reasons, that the plaintiff in this suit has not shown a cause of action in his declaration, which entitles him to sue; and that the judgment in his favour must be reversed.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*H. P. Thornton*, for the plaintiff.
*J. Rowland*, for the defendant.