*C. C. Nave*, for appellant.

---

### FRINK v. BELLIS and Another.

PARTIES.—*Heirs.—Covenant of Warranty.*—Where a covenant against incumbrances contained in a deed of conveyance of real estate is broken, and the damages for the breach accrue during the lifetime of the person holding under such covenant, his heir has no right of action on the covenant. In such case the administrator must sue.

APPEAL from the Marion Common Pleas.

RAY, J.—Joshua T. Bellis for himself and as next friend of Nannie Bellis, an infant daughter, brings this action, alleging, that the plaintiffs are the only heirs at law of Julia A. Bellis, deceased, who at her death was the wife of the one and the mother of the other. That in April, 1862, defendant Frink, for a valuable consideration, conveyed certain real estate, which is described, by general deed of warranty, to one Johnson; that when said deed was executed, there existed a mortgage lien upon the land so conveyed; that afterwards the defendant's vendee, Johnson, conveyed by warranty to one Hamlin, who, for a valuable consideration, by like deed, conveyed the property to said Julia A. Bellis; that afterwards, on, &c., "while said Julia A. Bellis was still the owner of said lots under and by virtue of said deeds," the

mortgage was foreclosed and the premises sold and said plaintiff, Joshua T. Bellis, paid the sum of seven hundred and eleven dollars, whereby the covenants of warranty were broken, and the defendant became "liable on the same to said Julia A. Bellis and her heirs."

A second paragraph avers, that to prevent a sale, the plaintiffs discharged the mortgage lien, but it does not appear that this was done after the death of Julia A. Bellis. A demurrer was filed to each paragraph of the complaint, and overruled, and error is thereon assigned.

The single question presented by the complaint is, whether the heirs may sue upon a covenant against incumbrances, broken during the life of the person under whom they claim the estate.

The appellee admits that the case of *Martin* v. *Baker*, 5 Blackf. 232, holds that the heir must sue, but insists that the law has been held otherwise, and cites us to Rawle on Covenants for Title, p. 336, 3d ed., where it is said: "But with respect to covenants, although until breach, they, equally with the warranty, passed to the heir with the land they were intended to protect, yet if a breach had occurred in the lifetime of the testator, they then became choses in action, incapable of transmission or descent, and whose right survived to the executor alone."

This we think is the law beyond reasonable question, and certainly nothing to the contrary was ruled in *Martin* v. *Baker*, *supra*, where it was said, "with respect to the second covenant set out in the declaration, viz., for quiet enjoyment against incumbrances, it may be observed that if the administrator cannot sue on the first covenant (of seisin), without avering a special damage to his intestate, it follows necessarily that, without such an averment, he cannot sue on the second." The reason given why the administrator might not sue on the covenant for seisin, without averring special damage to his intestate, is, that the heir and the administrator both cannot maintain the action. "There cannot be two recoveries against the grantor for the same

breach of covenants, and for the same damages." It of necessity follows that where the special damage is to the intestate, the administrator, and not the heir, must sue.

Here, the full damages from the breach of the warranty occurred during the life of the intestate, and the administrator could alone sue. The covenant broken and the ultimate damages occurring to and during the life of the intestate, the covenant could no longer run with the land and descend to the heir. The demurrer should have been sustained to each paragraph of the complaint.

Judgment reversed, with costs, and the cause remanded, for proceedings accordingly.

*A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellants.

*J. T. Dye* and *A. C. Harris,* for appellees.