BURNHAM, Executor, and Another *v* LASSELLE, Executor.

PARTIES.—*Administrator.*—*Breach of Covenant of Seizin.*—A., having no title, the title and possession being all the time in C., sold and conveyed, by deed with full covenants, certain land to B., who afterwards died.

*Held*, that after the death of B., the right of action for the breach of the covenant of seizin was in his executor or administrator.

APPEAL from the Allen Common Pleas.

PETTIT, J.—We make this statement, that the question arising in this case may be fully understood: A. sold to B. a piece of land and made a deed for the same, with full covenants, that of seizin included, when A. had no title to convey, the title being in C., and he being in full and legal possession of all the land, having a perfect title to it. B. never had, nor had he any right to get possession of the land. Afterwards B. died, and his executor instituted a suit to recover damages for the breach of the covenant of seizin; and

Burnham, Executor, and Another *v.* Lasselle, Executor.

the only question is, can the executor maintain the suit, or is it the right of the heir to do so?

The covenant of seizin was broken, and a right of action accrued for its breach to B., in his lifetime.

Our statute, 2 G. & H. 527, sec. 151, provides, that "every executor or administrator shall have full power to maintain any suit in any court of competent jurisdiction, in his name as such executor or administrator, for any demand of whatever nature due the decedent in his lifetime; for the recovery of the possession of any property of the estate; and for trespass, or waste, committed on the estate of the decedent in his lifetime."

Whatever the statute law may have been at the time the decision of *Martin* v. *Baker*, 5 Blackf. 232, was made, we think our present statute is decisive of the question; but we do not admit that the two cases are precisely alike; there, possession may have been given; in this case it was not; but if the two cases were the same, we would overrule that case. In this case, there was no land to run or descend to the heir, and consequently there was no covenant to run or descend to him. This cause or right of action survived and was properly brought by the executor. 2 G. & H. 330, sec. 783; *Bottorf* v. *Smith*, 7 Ind. 673; *The Junction R. R. Co.* v. *Sayers*, 28 Ind. 318; *Frink* v. *Bellis*, 33 Ind. 135; Rawle on Covenants is very full and clear on this question, pp. 336, 337, 608, and 609. *Smith* v. *Dodds*, at the present term, *post*, p. 452.

There are a large number of cases, both in England and America, referred to in the brief of the appellant, that fully sustain our views, but we do not deem it necessary to cite them.

We hold that in this, and all like cases, the executor or administrator has the right to bring and maintain the suit.

The judgment is reversed, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings.

WORDEN, J., having been of counsel, was absent.

*J. Colerick*, *J. Morris*, and *W. H. Wethers*, for appellants.

*L. M. Ninde* and *J. Brackenridge*, for appellee.