Schofield v. The Iowa Homestead Co.

---

## Schofield v. The Iowa Homestead Co.

1. Conveyance: COVENANT OF SEIZIN. The covenant of seizin contained in a conveyance of real estate is held to run with the land, and to confer upon the last grantee a right of action thereon. The English rule followed.

2. —— DIVISION OF COVENANT. Where only a portion of the land has been conveyed by the original grantee, *his* grantee may recover *pro rata* according to the extent of his interest.

3. —— ONUS: PLEADING. Where, in an action to recover upon a covenant of seizin, the defendant avers that he held the title at the time of the conveyance, the *onus* is upon him to sustain this averment.

*Appeal from Webster Circuit Court.*

Thursday, July 27.

Action upon the covenants of a deed for lands. Trial to the court without a jury, and judgment for plaintiff. Defendant appeals.

Schofield v. The Iowa Homestead Co.

*Grant & Smith* and *Thos. Sargent* for the appellant.

*Galusha Parsons* for the appellee.

BECK, J. — I. The counsel of the respective parties agree that the action is based upon the covenant of seizin, which is sufficiently expressed in the deed.

**1. CONVEYANCE: covenant of seizin.** As a defense, the answer alleges that, prior to the commencement of the action, plaintiff, for value, sold and conveyed a part of the lands to another, and that the covenant declared on passed with the land, so far as the contract covered the same, to the purchaser from plaintiff, and that recovery in this action for the land so conveyed is barred. To this defense a demurrer was sustained. The question thus presented for our determination is this: Does the covenant of seizin run with the land?

We are fully aware of the discord of authorities upon this question, and that a great majority of the American cases hold the covenant to be *in presenti*, and that it is broken, if at all, when the deed is delivered, and that the claim for damages thereby becomes personal in its nature to the grantee, and is not transferred by a conveyance to a subsequent grantee. But in England the rule prevails that the covenant runs with the land, and recovery for a breach thereof may be had by the assignee of the grantee in the deed. *Kingdon* v. *Nottle*, 1 Maule & Selw. 355; 4 id. 53; *King* v. *Jones*, 5 Taunt. 418; 4 Maule & Selw. 186; 1 Smith's Lead. Cases, Am. notes to *Spencer's case*, p. 150; 4 Kent's Com. 472; 1 Washburne on Real Prop. 649.

The English doctrine has been adopted, and the rule in *Kingdon* v. *Nottle*, followed by the supreme courts of Ohio and Indiana, with the modification, however, in Ohio, that when the grantor has neither title nor possession, and is therefore unable to transfer either by his deed, the covenant is broken as soon as made, and becomes a mere right of action which is not transferred by a subsequent conveyance

of the land. *Backus, Adm'r,* v. *McCay,* 3 Ohio, 211; *Foot* v. *Burnett,* 10 id. 317; *Divose* v. *Sunderlin,* 17 id. 52; *Martin* v. *Baker,* 5 Blackf. 232.

A similar rule, applicable to covenants against incumbrances, formerly prevailed in Massachusetts, but has been abandoned. *Wyman* v. *Ballard,* 12 Mass. 304; *Sprague* v. *Baker,* 17 id. 586.

A like doctrine is recognized in South Carolina. *McCready's Ex'r* v. *Brisbane,* 1 Nott & McCord, 104.

The English rule is commended to us by reason and justice, and Chancellor KENT, while condemning the reasons upon which it is supported in *Kingdon* v. *Nottle,* admits that the American doctrine is supported upon a "technical scruple," and assigns the most conclusive reasons in support of the opposite English rule. 4 Kent, 472.

The object of all covenants in conveyances of lands, relating to their title or their enjoyment, is to secure indemnity to the party entitled to the premises in case he is deprived of them. The subsequent vendee, in the language of KENT, "is the most interested and the most fit person to claim the indemnity secured by them (the covenants), for the compensation belongs to him as the last purchaser and first sufferer."

The American rule will operate oppressively in all cases where the land has been subsequently conveyed by the grantee, either toward the grantor or subsequent purchaser. If the purchaser is evicted he ought to receive the indemnity secured by the covenant; for he is not only, as is said by KENT, the first sufferer, but the only sufferer in every instance, except when he has not paid for the land. When the grantee, under the deed containing the covenant, has sold and received pay for the land, it would be gross injustice to permit him to recover, for he would not in that case sustain damages. But under the rule, to which we are now objecting, the grantee may recover on the covenant of seizin and, if there be a covenant of warranty in the

deed, the subsequent grantee may also recover upon that contract against the first grantor. But if there be no covenant of warranty, we would have the equally strange case of a party, the first grantee, recovering damages when he is entitled to none, and the party really injured unable to recover. Other instances of unjust and unreasonable results could be mentioned.

The "*technical scruple*," as it is called by KENT, upon which the American doctrine is based, is this: The covenant is broken the instant the conveyance is delivered; it then becomes a *chose in action* held by the grantor in the deed. *Brady* v. *Spuck*, 27 Ill. 478; *King* v. *Adm'x of Gilson*, 32 id. 348. But how can this be a reason in support of the doctrine under the laws of this State which permit the assignment of all *choses in action?* What legal principle would be violated by holding that the deed from the first grantee operates as an assignment of this *chose in action?*

Deeds under the laws of this State have been reduced to forms of great simplicity. Intricate technicalities have been pruned away, and they are now as brief and simple in form as a promissory note. All *choses in action*, as I have just remarked, may be assigned and transferred. The covenant of seizin (if it be held that such a covenant exists in a deed of the form authorized by the laws of this State), as we have seen, is intended to secure indemnity for the deprivation of the title and enjoyment of the lands conveyed. Why not brush away the "technical scruples" gathered about the covenant of seizin, as we have the like technical and cumbrous forms of the instrument itself, and enforce it for the benefit of the party who is really injured by its breach, even though, in so doing, we find it necessary to hold that a *chose in action* is assigned and transferred by the operation of the deed?

To my mind, the position reached by this course of argument is impregnable, and I cannot be driven from it

Schofield v. The Iowa Homestead Co.

by the great weight of authorities in support of the contrary doctrine.

We conclude that plaintiff was not entitled to recover for the land conveyed by him, and that the court erred in rendering judgment for the full amount of the consideration paid, as shown by the deed.

II. The plaintiff's counsel argues that, admitting the covenant runs with the land, being entire, a conveyance of a portion of the premises vests no right of action in the grantee. But this position is in conflict with the authorities. It is held that covenants running with the land are susceptible of division, so that if the land be conveyed in parcels to several persons, each may maintain an action upon the covenant to recover for the land in which he has an interest. *Kane* v. *Sanger*, 14 Johns. 89; *Dickinson* v. *Hoomes*, 8 Gratt. 353.

2. —— division of covenant.

This rule is based upon sound reason, and accords with the analogies of the law.

III. The allegations setting up a breach of the covenant sued upon are that the " defendant was not the true, the lawful and rightful owner of the premises; nor had defendant good right or lawful authority to sell and convey the same." The answer to this allegation denies that defendant "was not the true and lawful owner of said land, nor had good right and lawful authority to sell and convey the same." Under these pleadings, the court, holding the *onus* to be upon defendant to show title to the land at the time he conveyed, in the absence of such proof, rendered judgment upon the deed alone, being the only evidence offered by plaintiff.

3. —— onus: pleading.

The defendant claims that in this the court erred, as the *onus* was upon plaintiff, who should have been required to prove that defendant did not hold the title. If defendant's answer be understood as an averment that he held the title when the conveyance was executed, it must be considered under *Swafford* v. *Whipple*, 3 G. Greene, 261, as

imposing the *onus* upon defendant. We are inclined to hold, but not without doubt and hesitation, that the answer amounts to an assertion of a good title in defendant. A denial of the averment that defendant did not hold title amounts, in the ordinary use of language, to a declaration that he does hold it. It is, as it were, an affirmative assertion by the use of two negatives, not an uncommon mode of expression in the ordinary use of our tongue. Regarding the answer as amounting to an averment of title in defendant, under the rule in *Swafford* v. *Whipple*, we hold the *onus* was on defendant to show that when the deed was delivered the title of the land was held by him. This conclusion is not without the support of other authorities.

On account of the error in holding that the covenant sued upon does not run with the land, the judgment of the circuit court is

Reversed.