## GAVIN *v.* BUCKLES.

VENDOR AND PURCHASRR.—*Breach of Covenan*—*Assignee.*—*Consideration.* In an action by an assignee of a real covenant which runs with the land, for a breach thereof, the true consideration may be shown, as well as in an action brought by the immediate covenantee.

SAME.—*Evidence.*—*Statute.*—Where the immediate grantor has died, and the action is brought against the person who conveyed the property to the deceased, the defendant is a competent witness to prove the consideration received from the deceased. The proviso of the second section of the act defining who shall be competent witnesses, 3 Ind. Stat. 559, does not include this class of cases.

APPEAL from the Delaware Common Pleas.

WORDEN, J.—This was an action by the appellant against the appellee, upon the covenants contained in a deed in the statutory form, 1 G. & H. 260, sec. 12, for a certain tract of land. Buckles conveyed the land to John F. Stevens, for the consideration, as expressed in the deed, of four hundred dollars. Afterward Stevens conveyed the land, by deed in the same form, to the appellant Gavin, for the same sum expressed as the consideration. Breach, that neither Buckles nor Stevens, at the time of the execution of the deeds, had any right, title, or interest in the land, nor has either of them acquired any title since, nor did the plaintiff acquire any right or title thereto, nor is he in possession thereof.

Issue, trial by the court, finding and judgment for the plaintiff for a sum much less than the purchase-money, as expressed in the deeds. The plaintiff moved for a new trial, stating grounds that raise the questions hereinafter considered.

The land mentioned is a tract of a little less than forty acres. Stevens, the grantee of the defendant, and the immediate grantor of the plaintiff, was dead at the time of the trial.

On the trial, the defendant was admitted as a witness on his own behalf, and testified that the consideration which he received for the land from Stevens was only three dollars per acre, amounting to a little less than one hundred and twenty dollars, instead of four hundred dollars, as specified in the deed from him to Stevens. Due objection was made to the competency of the witness and the admissibility of the evidence.

Two questions are thus raised; the one as to the admissibility of the evidence as coming from any source, and the other as to the competency of the defendant as a witness to prove the facts.

Before proceeding to examine these questions, we may observe that the question whether the covenants of seizin and right to convey are covenants running with the land, and hence, whether the plaintiff can maintain this action at all against the defendant, is not in any manner before us. We therefore express no opinion on that question. The defendant demurred to the complaint for the want of facts sufficient, but the demurrer was overruled, and he excepted. No cross error, however, has been assigned. We must assume, therefore, for the purposes of the case, that the covenants, for the breach of which the suit was brought, were real covenants running with the land, and that the action was well brought by the plaintiff against the defendant.

Was the evidence competent? It is conceded by the appellant that the measure of damages for the breach of such covenants is the purchase-money and interest. It is also conceded that, as between the immediate parties to a conveyance containing the covenants, the consideration clause is open to explanation, and that parol proof that the purchase-money was less than the amount mentioned in the deed is admissible.

But it is contended that when, as in this case, the action is brought by a remote grantee, the amount of the consideration, as expressed in the deed, is conclusive upon the parties, and cannot be varied by parol evidence. Authorities have been cited which seem to sustain this position. We are not aware that the question has been passed upon in this State. We are inclined to the opinion that the same rule should prevail, whether the action be brought by an immediate or a remote grantee. It has been the general policy of our law, except in cases of commercial paper, to permit the same defence to be made where a contract has been assigned, as where it has not been assigned. Thus, it is provided by statute, that "all actions by assignees shall be without prejudice to any set-off or other defence existing at the time of, or before notice of the assignment, except actions on negotiable promissory notes and bills of exchange, transferred in good faith and upon good consideration before due." 2 G. & H. 38, sec. 6.

The conveyance of the property by Stevens to the plaintiff was one of the modes known to the law, on the theory that the defendant's covenants ran with the land, of assigning those covenants to the plaintiff. And while the statute above quoted may not in terms apply to such cases, we think the analogy to be drawn therefrom justifies the conclusion that, in an action for the breach of such covenants, the real consideration may be shown, as well where the action is brought by an assignee of the covenants, as where brought by the immediate covenantee. We are of opinion, therefore, that the evidence was, in itself, admissible.

We come to the only remaining question. Was the defendant a competent witness to prove the consideration?

The fact that the defendant was a party to the action, and interested therein, did not render him incompetent. The appellant relies upon the following proviso to the second section of the act defining who shall be competent witnesses, etc., 3 Ind. Stat. 559:

"And provided further, that in all suits by or against heirs

founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in any way, neither party shall be allowed to testify as a witness as to any matter which occurred prior to the death of such ancestor, unless required by the opposite party or by the court trying the cause, and the assignor of the plaintiff in any such suit, where there has been an assignment of the cause of action, shall be deemed and held to be a party within this provision."

The case does not, in our opinion, come within the proviso quoted. The actions therein provided for are those the object of which is to obtain title to, or possession of, land or other property, or to reach or affect the same in some way. By this is meant, as we understand it, such actions as are designed to reach, or in some way affect, specific property, and not actions merely to recover damages for the breach of a contract, as was the case here. *Peacock* v. *Albin*, 39 Ind. 25.

We are of opinion that the defendant was a competent witness to prove the matters testified to by him.

The judgment below is affirmed, with costs.

*A. Kilgore, R. C. Bell, J. Gavin,* and *J. D. Miller,* for appellant.

*W. March,* for appellee.