Coleman *v.* Lyman.

*D. S. Major, O. B. Liddell,* and *J. Schwartz,* for appellant.
*J. D. Haynes* and *J. K. Thompson,* for appellee.

———————•———————

42  289
128  389

## COLEMAN *v.* LYMAN.

CONVEYANCE.—*Statutory Form.*—*Covenants.*—A warranty deed in the statutory form is a conveyance in fee simple to the grantee, his heirs, and assigns, with covenants from the grantor and his heirs and personal representatives, that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof, that the same are free from all incumbrances, and that he will warrant and defend the title against all lawful claims.

SAME.—*Breach of Covenant of Seizin.*—*Action not Local.*—A., the grantee in a deed of conveyance of certain real estate from B., brought suit against C., who had conveyed the land to B., for breach of a covenant of seizin in his deed to B.

*Held,* that the action was not local; that the suit was one to be brought, not in the county where the land was situated, but in the county where C. resided.

SAME.—*Covenant Running with Land.*—The covenant of seizin will pass to the heir or assignee of the grantee.   Whoever derives the right to the land through such grantee, and ultimately sustains damages in consequence of the covenantor's want of title, may sue him for damages.

SAME.—*Consideration.*—The defendant in such an action may show a want or failure of consideration for the deed upon which the action is brought.

APPEAL from the Tippecanoe Circuit Court.

DOWNEY, J.—This action was brought by the appellee against the appellant.  On the 14th day of October, 1857, the appellant and his wife conveyed, by warranty deed, in the statutory form, to William A. White, certain real estate in Benton county, Indiana.   On the same day the said White conveyed, by a similar deed, a part of the same lands to the appellee.   This action is for a breach of the covenant of seizin in the deed of Coleman to White, brought by Lyman, the grantee of White.   By virtue of the statute the deeds in question are deemed and held to be con- veyances in fee simple to the grantee, his heirs, and assigns, with covenant from the grantor and his heirs and personal representatives, that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof, that the same are free from all incumbrances, and that he will warrant and defend the title to the same against all lawful claims.   1 G. & H. 260, sec. 12.

There were issues of law and fact found and disposed of, and final judgment rendered for the appellee.

There are three questions presented and discussed with great learning and ability.

It is insisted that the circuit court of Tippecanoe county had no jurisdiction, because the lands conveyed lie in Benton county.   This question is probably best settled by a reference to the statute: "Actions for the following causes must be commenced in the county in which the subject of the action, or some part thereof, is situated:

"*First.* For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

*Second.* For the partition of real property. *Third.* For the foreclosure of a mortgage of real property."

The next section relates to actions which must be commenced in the county where the cause or some part thereof arose. Section thirty relates to actions against a corporation, company, etc., having an office or agency in any county for the transaction of business, in which case any action growing out of the business of such office may be brought in such county. Section thirty-one relates to the place where an action to establish or set aside a will must be brought. Section thirty-two relates to the venue of actions against railroad, or canal corporations, or companies, or the owner of a line of stages or coaches, etc. Section thirty-three provides, that "in all other cases, the action shall be commenced in the county where the defendants or one of them has his usual place of residence." 2 G. & H. 56-58.

If it can be insisted, with any show of reason, that any of these sections required the action in question to be brought in the county where the lands are situated, it must be the first which we have quoted, and the first division of that section. But we think that section does not make the action in such case local. This was not an action "for the recovery of real property, or of an estate or interest therein;" nor do we think it was an action "for the determination in any form of such right or interest," within the contemplation of that section. Hence we are of the opinion that the objection made to the jurisdiction of the court is not well founded.

The next position taken by appellant is, that an action by the appellee cannot be maintained upon the covenant of seizin in the deed of the appellant to White. It is urged that if the appellant was not seized, there was a breach of the covenant as soon as it was made; that no title passed to White, and, consequently, that no title passed from him to the appellee, nor any right to sue for a breach of the covenant. This question is settled by the decision of this court in *Martin* v. *Baker*, 5 Blackf. 232. Unless we are to overrule that case, the question must remain settled. In

the opinion in *Burnham* v. *Lasselle*, 35 Ind. 425, it was said: "Whatever.the statute law may have' been at the time the decision of *Martin* v. *Baker*, 5 Blackf. 232, was made, we think our present statute is decisive of the question; but we do not admit that the two cases are precisely alike; there, possession may have been given; in this case it was not; but if the two cases were the same, we would overrule that case." It is claimed that this language is virtually a decision overruling the case of *Martin* v. *Baker*. This is a misapprehension. All that was said in that opinion was, that if the two cases were the same, we would overrule that case. The case of *Burnham* v. *Lasselle* was a case where the breach occurred, and the entire damages accrued, in the lifetime of the grantee. In *Martin* v. *Baker*, "no special damage was alleged to have accrued to the intestate." The language of the court in that case is this: "It appears to us to be a mistake to say, that the covenant of seizin cannot pass to the heir or assignee of the grantee. The covenant is not inserted in the deed merely ·for the grantee's benefit, but for the benefit of all others who may derive their claim to the land through him. Whoever thus derives his right, and ultimately sustains damages in consequence of the covenantor's want of title, may sue him for the breach." This case has stood and been recognized as the law of the State on this point for more than thirty years, and we do not feel that we would be justified in overruling it without stronger reasons than are presented to us in this case. See the case of *Schofield* v. *The Iowa Homestead Company*, 32 Iowa, 317, which fully sustains our ruling in this case, after an examination of the cases.

The third question presented is this: can the defendant in such a case allege and show a want or failure of consideration for the deed in which the covenant is contained upon which the action is brought? The circuit court held that he could.not.

Following the ruling of this court in the case of *Gavin* v. *Buckles*, 41 Ind. 528; at the present term, we must hold that

in this the circuit court committed an error. For this error the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.

*W. C. Wilson, J. H. Adams, Z. & S. P. Baird, S. A. Huff,* and *B. W. Langdon,* for appellant.

*W. D. Wallace,* for appellee.