## SAGE *v.* JONES, ADMINISTRATOR, ET AL.

**VENDOR AND PURCHASER.**—*Conveyance.—Parol Contract.*—A grantor of land cannot at the time of the execution of the deed reserve by parol a right of action for the breach of the covenants in a deed of a previous grantor.

**SAME.**—W. conveyed by warranty deed land upon which was a mortgage executed by him; I. (a married woman), by successive conveyances, afterward became the owner of the land, and with her husband by warranty deed conveyed the land to R., who at the execution of said deed promised I. "that he would for her use and benefit pay off and discharge said mortgage lien, and that all actions and rights of action for breach of the covenants of the deed of W. should enure to and were reserved by her."

*Held*, that the promise by R. to I. and the said reservation by I., being in parol, were inadmissible in evidence to vary the terms of the deed of I. to R. which vested in R. the legal right, which ran with the land, to sue for the breach of the covenants in the deed of W.

From the Marion Common Pleas.

*F. M. Finch* and *J. A. Finch*, for appellant.

*J. T. Dye, A. C. Harris*, and *R. P. Parker*, for appellees.

DOWNEY, J.—This was an action by the appellant against Jesse Jones, administrator of the estate of Simon S. Wiseman, deceased, for breach of the covenants contained in a deed conveying certain real estate. Wiseman was the owner in fee simple of the real estate, and on the 5th day of Decem-

ber, 1865, mortgaged it to Amanda Lynn. On the 3d day of July, 1867, he conveyed the real estate by warranty deed to Martha Ingram. On the 7th day of October, 1867, Martha Ingram and her husband conveyed the same by similar deed to Francis M. Ingram. On the 5th day of December, 1868, Francis M. Ingram and wife conveyed the real estate to Martha Ingram, with warranty. On the 16th day of December, 1868, Martha Ingram and her husband conveyed the land, without warranty, to William L. Royster. On the 27th day of August, 1869, Royster conveyed by warranty deed to the appellant. The notes executed by Wiseman to Amanda Lynn, having been assigned to one Cobb, the mortgage was foreclosed by him in October, 1869, and in October, 1871, Sage, the appellant, paid off the judgment, and in December, 1871, instituted this action against Jones, as administrator of the estate of Wiseman, who had previously departed this life intestate. It will thus be seen that Sage, the appellant, was not the grantee of Wiseman, on whose deed the action is predicated, but, as the owner of the land by successive conveyances thereof, and showing his title derived from that deed, sues upon the covenant therein as a covenant running with the land, through the successive conveyances thereof down to him. Sage, having been compelled to pay off and discharge the mortgage placed upon the land by Wiseman, would thus seem to have a right of action on the deed of Wiseman. This is not questioned.

On their application, Martha Ingram and her husband, Thomas Ingram, were allowed to become parties defendants to the action, and error is assigned on this action of the court; but so far as this point is concerned, we think we can decide nothing, because there is no bill of exceptions presenting the question.

Having been admitted as parties defendants to the action, Martha and Thomas Ingram, for answer and by way of cross complaint against the plaintiff, and also against Jones, the administrator of the estate of Wiseman, alleged that Wiseman and wife, for the consideration of twelve dollars, con-

veyed to Martha Ingram the real estate mentioned, a descrip-
tion of which is given, the said mortgage then being
thereon ; that they, the said Ingram and wife, conveyed the
said real estate to said Royster, who paid the said Martha
eight dollars, " and as a further consideration for said con-
veyance promised the defendant Martha, that he would, for
her use and benefit, pay off and discharge said lien on said
land, and that all actions and rights of action for breach of
the covenants of the deed of said Wiseman to her should
enure to and were reserved by her, the said Martha ;" and
the defendants further say that afterward, to wit, at, etc.,
on, etc., Royster and wife conveyed said land to the plain-
tiff, who took the conveyance with full knowledge of said
Royster's agreement, and without any valuable consideration
whatever, and subject to said lien and incumbrance, and
with full knowledge thereof. They further state that after-
ward Wiseman departed this life intestate, and Jones was
appointed administrator of his estate ; that on the 12th day
of October, 1871, the plaintiff paid the said incumbrance,
amounting to, etc., which sum is the plaintiff's only claim
herein ; that neither Wiseman nor his administrator has paid
said sum, nor performed his covenants in his said deed; where-
fore they say they are entitled to have from said Jones, as
such administrator, the said sum of, etc., with interest, etc.,
for the use of the said Martha ; that the plaintiff has no
right thereto, but it is of right due to the said Martha, and
is a lien on the said real estate so owned and held by the
plaintiff; wherefore they demand judgment against Jones as
administrator for the said sum of, etc., that the same be
declared a lien upon said real estate, and for further relief,
etc.

This answer and cross complaint was attacked by both
Sage and Jones, who separately demurred thereto because
it did not state facts sufficient to constitute a cause of action
or defence. But their demurrers were overruled.

Jones, administrator, answered the original complaint by
a general denial, payment, accord and satisfaction, set-off,

etc., to the fourth paragraph of which a demurrer was sustained. The plaintiff replied to the other paragraphs of the answer of Jones by a general denial. Jones filed a general denial of the answer and cross complaint of Martha Ingram and her husband, and it was agreed that under this issue all matters as to her might be given in evidence.

The issues were tried by the court, who found specially, by request, and stated his conclusions of law, to which conclusions there was a proper exception by Jones.

A motion for a new trial was made by Sage and also by Jones, which were both overruled. Jones also moved in arrest of judgment, but this motion also was overruled. The court rendered judgment in favor of Martha Ingram against Jones as administrator for the sum of four hundred and eighteen dollars and thirty-three cents, with costs.

Both Sage and Jones have separately assigned errors. We need not state them in full, but each assigns as error the overruling of the demurrers to the answer and cross complaint of Martha Ingram and her husband.

In our opinion, the demurrers to the answer and cross complaint should have been sustained. The answer and cross complaint alleges that Royster promised Martha Ingram, when she and her husband conveyed to him, " that he would, for her use and benefit, pay off and discharge said lien on said land, and that all actions and rights of action for breach of the covenants of the deed of Wiseman to her should enure to and were reserved by her." It is objected that this reservation by parol made at the time of the execution of the deed cannot be alleged and shown without violating well established rules of pleading and evidence ; that as the deed from Martha Ingram and her husband not only vested in Royster the title to the land, but also a legal right to sue for the breach of any covenant which ran with the land, in any previous deed in the chain of title, to allow it to be alleged and proved by parol that the right to sue for any such breach of covenant was reserved by her for her own use, would violate the rule of the law that parol evidence is

not admissible to vary, contradict, add to, or take from the terms of a written instrument or its legal effect. This position, in our opinion, is well taken. *Chapman* v. *Long*, 10 Ind. 465, and note 1.

The judgment is reversed, with costs; and the cause is remanded, for further proceedings.