Filed April 24, 1885.

---

No. 11,685.

## Dehority v. Wright.

Deed.—*Covenants Running with the Land.*—*Encumbrance.*—The covenant in a deed against encumbrances runs with the land, and where a remote grantor is compelled to discharge the encumbrance to protect his title, he may sue thereon. *Fisher* v. *Parry*, 68 Ind. 465, distinguished.

Same.—*Evidence.*—*Defence.*—In a suit upon covenant against encumbrances in a deed, to recover on account of one paid off by the plaintiff, it is no defence that there was still an older one unpaid.

Same.—*Description.*—*Reformation.*—*Pleading.*—A prayer to reform a deed

as to description is not necessary to make a complaint for that purpose good on demurrer.

EVIDENCE.—*Record.—Reinstatement of.*—A record of a proceeding to reinstate a lost record, which shows an appearance and then a default, and recites that process had been duly issued and served, as appears by the sheriff's return, is good, and is admissible in evidence.

EXECUTION.—*Affidavit.—Justice's Judgment.—Transcript.*—An affidavit filed with the clerk to obtain execution on the transcript of a justice's judgment need not show non-payment to the clerk.

SAME.—*Evidence.—Certificate.*—In such case the fact that the justice made and filed with the clerk a certificate before execution issued may be proved by parol.

From the Madison Circuit Court.

*M. A. Chipman*, for appellant.

*M. S. Robinson* and *J. W. Lovett*, for appellee.

FRANKLIN, C.—Appellee sued appellant upon the covenants in a warranty deed in the short form under the statute of Indiana. The breach alleged was encumbrances.

A demurrer was overruled to the complaint; trial by the court; finding for the plaintiff, and, over motion for a new trial, judgment was rendered for the plaintiff.

The errors assigned are, overruling the demurrer to the complaint, and overruling motion for a new trial.

The defendant is a remote grantor of the plaintiff, and the first objection to the complaint is that a remote grantee can not maintain an action against a remote grantor upon the covenant in the deed against encumbrances; that such covenant is a personal one, and does not run with land.

Under the statute of Indiana, a deed containing the words, " conveys and warrants," "shall be deemed and held to be a conveyance in fee simple to the grantee, his heirs and assigns, with covenant from the grantor for himself and his heirs and personal representatives that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof; that the same are free from all incumbrances, and that he will warrant and defend the title to the same against all lawful claims." R. S. 1881, section

2927. Each one of these covenants is contained in the general warranty, the same as if they had been separately written in the deed. *Kent* v. *Cantrall*, 44 Ind. 452.

In the case of *McClure* v. *McClure*, 65 Ind. 482, where the covenants in a similar deed were sued upon, the court said : " It is thus seen that the deed in question contained, amongst other things, a covenant of general warranty; and this covenant, beyond all doubt, runs with the land."

" Says Chancellor KENT : ' The covenant of warranty, and the covenant for quiet enjoyment, are prospective, and an actual ouster or eviction is necessary to constitute a breach of them. They are, therefore, in the nature of real covenants, and they run with the land conveyed, and descend to heirs, and vest in assignees of the purchaser.' 4 Kent Com. (12th ed.), top p. 471. See, also, *Blair* v. *Allen*, 55 Ind. 409."

In the case of *Martin* v. *Baker*, 5 Blackf. 232, it is said : " It appears to us to be a mistake to say, that the covenant of seizin can not pass to the heir or assignee of the grantee. The covenant is not inserted in the deed merely for the grantee's benefit, but for the benefit of all others who may derive their claim to the land through him. Whoever thus derives his right, and ultimately sustains damages in consequence of the covenantor's want of title, may sue him for the breach." In the case of *Coleman* v. *Lyman*, 42 Ind. 289, the above is quoted with approbation, and the court adds : " This case has stood and been recognized as the law of the State on this point for more than thirty years, and we do not feel that we would be justified in overruling it without stronger reasons than are presented to us in this case. See the case of *Schofield* v. *Iowa Homestead Co.*, 32 Iowa, 317."

The case of *Burnham* v. *Lasselle*, 35 Ind. 425, in the above case quoted from, is distinguished, upon the ground that no possession was given in that case.

In the case of *Bethell* v. *Bethell*, 54 Ind. 428 (23 Am. R. 650), it is said : " But all the cases, so far as we are advised, hold, that where the grantor is not in possession and does not deliver pos-

session to his grantee, the covenant of seizin, if the grantor had no title, is at once broken and does not run with the land." And in support thereof the following quotation is made from the case of *Chambers* v. *Smith*, 23 Mo. 174: "If there be a total defect of title, defeasible and indefeasible, and the possession have not gone along with the deed, the covenant is broken as soon as it is entered into, and can not pass to an assignee upon any subsequent transfer of the supposed right of the original grantee. In such case, the breach is final and complete; the covenant is broken immediately, once for all, and the party recovers all the damages that can ever result from it. If, however, the possession pass, although without right,—if an estate in fact, although not in law, be transferred by the deed, and the grantee have the enjoyment of the property according to the terms of the sale, the covenant runs with the land and passes from party to party, until the paramount title results in some damage to the actual possessor, and then the right of action upon the covenant vests in the party upon whom the loss falls."

Where no title is conveyed, and no possession is given or taken under the deed, there is no actual transfer of the land with which the covenants could run. In such case they could be but personal covenants, and a breach would occur immediately upon the execution of the deed. But where title is conveyed by a deed containing our statutory general warranty, and possession passes under the deed, the covenants run with the land, and a remote grantee may maintain an action against a remote grantor for a breach of the covenants.

The case of *Fisher* v. *Parry*, 68 Ind. 465, is distinguished from the one under consideration, upon the ground that the statute of Minnesota is different from the statute of Indiana upon the subject of covenants in a deed.

In the case under consideration, the deed conveys a good title, subject to the encumbrance then existing on the land, and possession accompanied the deed and continues in the

plaintiff.   In such cases the covenant in the deed against encumbrances runs with the land.   *Sage* v. *Jones,* 47 Ind. 122. The plaintiff, in order to protect his title, was compelled to redeem from the sheriff's sale, and has a right of action for the breach of the covenant.

A further objection to the complaint is, that in the deed the name of the State in which the land is situated is left blank.

The name of the county and a description of the land are stated in the deed; it was executed and recorded in Madison county, Indiana.   The complaint alleges that the omission of the name of the State was an inadvertence of the draftsman; that the land sold and intended to be conveyed was situated in the State of Indiana, and was the identical land in controversy, and prayed for general relief.

We think the complaint in this respect is sufficient to withstand a demurrer, without a specific prayer for reformation. *Rhode* v. *Green,* 26 Ind. 83.   But if we were permitted to look to the evidence, it would be seen that the deed, as therein contained in the bill of exceptions, does state the name of Indiana as the State in which the land is situated.   There was no error in overruling the demurrer to the complaint.

The first reason urged under the motion for a new trial is an objection to the introduction in evidence of the record of the proceedings for reinstatement of the transcripts of the judgments upon which the sheriff's sale above referred to was had, said record having been destroyed by fire.   The objection to the record was that it did not contain a copy of the summons and service thereon.

The record shows an appearance of the parties, a default of the judgment defendants, and that process had been duly issued and served upon the defendants, as was shown by the return of the sheriff thereon.

The appearance of the parties waived all objections to the process, and we think enough is shown to give the court jurisdiction of the case, and that the record was admissible evidence.

The next reason insisted upon is an objection to the sufficiency of the affidavit for executions upon said judgments. The objection is that the affidavit does not negative payment of the judgments to the clerk. This was not necessary; the law did not authorize the clerk to receive money on transcripts from a justice of the peace. The affidavit averred non-payment to the judgment plaintiffs. That was sufficient. As to the objection that it did not state the amount due, it stated the amount of the judgments, and that they were not paid; that is substantially stating the amount due.

The third reason for a new trial is an objection to a question to the justice of the peace while on the witness stand, to wit, " State what, if anything, you know of issuing and filing a certificate in the clerk's office prior to the issuing of executions on these judgments?"

The justice was not required to keep a record of these facts, and it was competent to prove them by oral testimony. We see no reasonable objection to this question.

The fourth reason for a new trial is based upon an objection to the answer to the foregoing question. The bill of exceptions does not show that any objection was made to this answer, or that any motion was made to strike out. Therefore, this reason presents no question for consideration.

The last reason insisted upon by appellant is, that the evidence does not support the finding of the court. This is based, in part, upon the fact that it shows the plaintiff to be a remote grantee, and therefore not entitled to recover. This question has already been discussed and decided against appellant.

It is further insisted that the evidence shows an older judgment and a prior lien upon the land than the judgments and sale from which the plaintiff redeemed. If the defendant is liable for a prior encumbrance not paid off by the plaintiff, we can not see how that can relieve him from liability for the encumbrance which the plaintiff did pay in order to protect his title.

One witness testified that there was another transcript of a judgment recorded of a later date than the alleged recording of the transcripts of the judgments upon which the land was sold, and from which sale the plaintiff had redeemed; and that other transcript was the oldest encumbrance upon the land. This testimony was in conflict with other evidence in the case. And the court below having passed upon the weight of the evidence, this court will not disturb its finding thereon. We think the evidence sustained the finding of the court, and there was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Jan. 28, 1885.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellant in his petition for a rehearing insists that the covenant against encumbrances in a warranty deed is a personal covenant, and does not run with the land, and that a remote grantee can not maintain an action against a remote grantor on such a covenant.

In the case at bar, there was a judgment which was a lien upon the land when the defendant sold and conveyed by a warranty deed; it remained the same when defendant's grantee sold and conveyed the land by warranty deed to the plaintiff; possession passed under the several deeds. Execution was issued on the judgment, and the land was sold under it, while in the possession of the plaintiff, who redeemed the land from the sheriff's sale in order to protect his title. The lien of the encumbrance ran with the land so closely as to cause the land to be seized and sold for the payment of the judgment, and we see no good reason in law or equity why the covenant should not run with the land.

In order to establish the defendant's liability, it can not be necessary that the plaintiff should sue his immediate grantor,

who in turn would have to sue the defendant, thereby heap-- ing up a double bill of costs against the defendant, instead of,, in the first place, suing the one ultimately liable.

But it is insisted by appellant that the decision in this case is in conflict with the decision in the case of *Fisher* v. *Parry,* 68 Ind. 465, and it is insisted that if the decision in this case should stand, the decision in that case ought to be overruled.

From the opinion in the Fisher case, it is difficult to de- termine what questions are authoritatively decided. The facts in that case, as stated in the opinion, show that the land in Minnesota had been conveyed and reconveyed by and to citi- zens residing in the State of Indiana by warranty deeds; that there was an older mortgage upon the land of record in Min- nesota, upon which it was sold, deeded, and possession taken under the deed. These facts showed a breach of the cove- nant of seizin, as well as that against encumbrances. The opinion then quotes two sections of the statute of Minnesota,. as follows :

" Section 5. No covenant shall be implied in any convey- ance of real estate, whether such conveyance contains special covenants or not."

" Section 35. Whoever conveys real estate by deed or mort- gage, containing a covenant that it is free from all encum- brances, where an encumbrance appears of record to exist thereon, whether known or unknown to him, shall be liable in an action of contract to the grantee, his heirs, executors, administrators, successor or assigns, for all damage sustained in removing the same."

The opinion then holds that the law of Indiana, where the deeds were made, shall govern in the interpretation of the contract. In the opinion it is then said : " The deed set out in the complaint contains the words ' convey and warrant,' which, by the statute, contain the covenant against encum- brances, which is a personal covenant, and, under the facts set out in the complaint, Kinnan could have undoubtedly main- tained an action against Fisher for a breach of this covenant.

Dehority v. Wright.

But the statute of Indiana makes the deed contain more than the personal covenant against encumbrances; it contains, by the statute, a covenant for quiet possession. This latter covenant is *in futuro*, and runs with the land. By the statute of Minnesota, no such covenant is contained in the deed. Parry could maintain an action against Fisher only on some covenant running with land, as it is well settled that an assignee of a vendee can not maintain an action against the vendor of his vendee on the breach of a covenant purely personal. In determining whether a conveyance of real estate contains a covenant that runs with the land, the *lex rei sitæ* governs."

The most that we can make of this decision is, that there are no implied covenants under the statute of Minnesota, and that where the words "convey and warrant" only are used, the implied covenants made by the statute of Indiana can not be enforced as to lands conveyed which are in Minnesota; and that the implied covenants made by the statute of Indiana in such a case thereby become personal covenants, and this includes the implied covenant of seizin, as well as that against encumbrances. There was no reason for saying that the covenant against encumbrance was personal, any more than that the implied covenant of seizin in that case was also personal. If that decision be correct in saying that the covenant against encumbrances in that case was a personal covenant, it is based alone upon the fact that the statute of Minnesota upon this subject is different from the statute of Indiana, and the original opinion herein is correct, in distinguishing that case from the one under consideration, by the difference in the statutes.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.
Filed April 8, 1885.