Scott *v.* Stetler *et al.*

Filed May 26, 1891.

---

No. 14,171.

## SCOTT *v.* STETLER ET AL.

PRACTICE. — *Demurrer.— Answer. —Insufficient Paragraph.— Overruling De-murrer to.—Effect of.*—It is error to overrule a demurrer addressed to an insufficient paragraph of answer, although there are other and more comprehensive paragraphs of answer.

COVENANT.—*Running with Land.— What is.*—A covenant in a deed of cer-tain premises, " together with the mill and all privileges and easements thereto belonging," is a covenant running with the land that the grantors had a right to maintain the dam at the height it was when the deed was made.

SAME.—*Action for Broken Covenant.—Subsequent Grantee.— When can not Maintain.*—In a suit by a subsequent grantee against the grantors in the above deed based upon the breaking of said covenant, the grantors may successfully defend by showing that they sold the land with the agreement that the grantees, among other things, were to repair or re-build the old dam, and that it should not be raised beyond its orig-inal height; that for the purpose of deceiving their grantors the gran-tees destroyed the marks indicating the height of the dam, and falsely represented that the height was not increased, and that therefore the grantors executed the deed in ignorance of the fact that the height of the dam had been increased.

From the Kosciusko Circuit Court.

*J. S. Frazer* and *W. D. Frazer,* for appellant.

*H. S. Biggs, S. J. North* and *J. D. Cook,* for appellees.

ELLIOTT, J.—The contention of appellees' counsel that

| 128 | 385 |
|---|---|
| 129 | 254 |
| 128 | 385 |
| 133 | 118 |
| 133 | 164 |
| 128 | 385 |
| 136 | 177 |
| 128 | 385 |
| 146 | 93 |

an error in overruling a demurrer to an insufficient paragraph of answer is harmless in a case where there are other and more comprehensive paragraphs of answer, can not prevail. Counsel confuse a ruling holding a good paragraph bad with a ruling holding a bad paragraph good, and are thus led into a radical error, for there is a clear and important difference between the two classes of cases. It may not prejudice a defendant to sustain a demurrer to one paragraph of an answer, where there are others of similar character; but it does prejudice a plaintiff to hold an answer to be a bar to his cause of action which does not contain facts constituting a defence. The question is, however, so fully covered by the decisions that discussion is not required. *Messick* v. *Midland R. W. Co.*, ante, p. 81; *Thompson* v. *Lowe*, 111 Ind. 272; *Epperson* v. *Hostetter*, 95 Ind. 583; *McComas* v. *Haas*, 93 Ind. 276 (281); *Eve* v. *Louis*, 91 Ind. 457 (463); *Sims* v. *City of Frankfort*, 79 Ind. 446 (449); *Over* v. *Shannon*, 75 Ind. 352; *Kernodle* v. *Caldwell*, 46 Ind. 153 (158); *Abdil* v. *Abdil*, 33 Ind. 460.

The appellant's complaint is founded upon a deed executed by the appellees to Joseph Harris and James G. Ackerman, in 1877. By successive conveyances the appellant became the owner of the real estate described in the deed. The deed of the appellees conveyed a flouring mill and appurtenances. At the time the deed was executed a dam five feet in height was appurtenant to the land, and created the pool from which the water that propelled the mill machinery was obtained. The dam caused the water to flow back upon the land of Julia Hubbell, and for the injury thus produced she brought an action against the appellant, and, after a contest, recovered judgment for damages, and also secured an order reducing the height of the dam to three feet. The appellees were notified to defend the action. To the complaint, which stated the facts of which we have given a synopsis, the appellees answered that they sold to John Anderson and Joseph Harris two-thirds interest in the land, mill and appurte-

nances; that Anderson and Harris agreed to build a new flouring mill; that they also agreed that they would repair, or rebuild, the old dam, and that it should not be raised beyond its original height; that for the purpose of deceiving the appellees, Anderson and Harris destroyed the marks indicating the height of the dam, and without the knowledge of the appellees wrongfully increased the height, and falsely represented that the height was not increased; that Ackerman subsequently purchased an interest in the property, and united with Anderson and Harris in the contract, and that the deed set forth in the complaint was executed in ignorance of the fact that the height of the dam had been increased.

If the original parties, Harris, Anderson and Ackerman, were seeking to recover for a breach of the covenants on the deed executed to them, there would be no difficulty in determining the controversy, for it is perfectly clear that they could not recover, inasmuch as the breach was the result of their own culpable wrong. If the appellant can recover, it must be for the reason that he occupies a better position than the persons from whom he derives his title. The general rule—and it is a rule of wide sweep with comparatively few exceptions—is that an assignee can take no higher or greater rights than his assignor possessed. The appellant must prove that the case constitutes an exception to the general rule, since one who asserts that his case forms an exception must make good his assertion. It is necessary, therefore, to ascertain and decide whether the appellant does occupy a better position than his grantors.

It is tacitly assumed in the argument of the appellant that there is a covenant that the grantors had a right to maintain the dam at the height it was at the time the deed was made, and upon this assumption it is argued that, as this covenant runs with the land, there is vested in the appellant, as a remote grantee, the right to maintain an action for its breach. In our opinion the assumption is a valid one. Under a deed such as that through which the appellant claims

title, the right to maintain a dam is part of the property conveyed, for that deed contains, as part of the description of the premises conveyed, the following recital: " Together with the mill and all privileges and easements thereto belonging." The right to maintain the dam and to overflow adjacent land was a privilege and an easement, and the appellees assumed ·to convey all easements and privileges. *Bass* v. *City of Fort Wayne*, 121 Ind. 389. The covenant runs with the land because it has nothing of the quality of a personal covenant and does have the essential elements of a real covenant. *Nye* v. *Hoyle*, 120 N. Y. 195; *Fresno Canal Co.* v. *Rowell*, 80 Cal. 114 (13 Am. St. R. 112) ; *Hazlett* v. *Sinclair*, 76 Ind. 488 (40 Am. R. 254); *Conduitt* v. *Ross*, 102 Ind. 166; *Midland R. W. Co.* v. *Fisher*, 125 Ind. 19. ·The right to maintain the dam adds to the value of the property and is, in fact, part of it. In other words, the incorporeal right is an essential part of the estate assumed to be conveyed. The covenant, therefore, necessarily referred to the estate itself and not to a personal or collateral matter, and is one running with the land. We shall assume, without deciding, that the covenant was broken when the appellant was evicted from part of the easement, and that the right of action then accrued, and upon this assumption consider the question that remains.

It is ·evident, from what has been said, that, upon the assumption made for argument's sake, the right of the appellant to recover depends, as we have already suggested, upon whether his rights as a covenantee rise above the rights of the persons through whom his title as covenantee is derived. We recognize the force of the reasoning in such cases as *Suydam* v. *Jones*, 10 Wend. 180 (25 Am. Dec. 552); *Greenvault* v. *Davis*, 4 Hill, 643 ; *Kellogg* v. *Wood*, 4 Paige Ch. 578, in so far as it proceeds upon the proposition that a covenant running with the land is protected against equities as fully as the title itself, but we perceive little force in the argument that a parol release is not valid because an instrument

under seal can not be affected by an instrument of less dignity. We shall not, however, enter upon a discussion of the general subject, for we regard the question as settled by our own decisions. The decisions in the cases of *Robinius* v. *Lister*, 30 Ind. 142; *Gavin* v. *Buckles*, 41 Ind. 528, and *Coleman* v. *Lyman*, 42 Ind. 289, affirm that the grantor may successfully defend against a remote grantee. This rule has become one of property, hence it is our duty to adhere to it, and adjudge that a defence, valid against an immediate grantee, is equally effective against a remote grantee.

Judgment affirmed.

OLDS, J., did not participate in the decision of this case.

Filed May 26, 1891.