### EVANS ET AL. *v.* BOLLEY.

[No. 11,450. Filed January 5, 1923.]

EVIDENCE.—*Parol.*—*True Consideration of a Deed.*—In an action for a breach of a covenant in a deed warranting the land conveyed to be free from liens and incumbrances, the consideration of the deed may be shown by parol evidence, and it may be proved that a remote grantor's grantee verbally agreed as part of the consideration to pay an existing incumbrance.

From Fulton Circuit Court; *Smith N. Stevens,* Judge.

Action by George Bolley against James W. Evans and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Selden J. Brown,* for appellants.

*Albert Chipman* and *Arthur Metzler,* for appellee.

McMAHAN, J.—Complaint by appellee against appellants for damages on account of an alleged breach of a covenant of warranty in a deed whereby appellants conveyed certain real estate to the immediate grantors of appellee.

The complaint alleges that George Sprinkle and J. E. Rogers, their wives joining, by warranty deed, conveyed certain real estate to appellee; that appellants by their warranty deed had theretofore conveyed the same real estate to said Sprinkle and Rogers; that by the terms ot said deeds the title to said real estate was warranted to be free and clear of all liens and encumbrances, except certain taxes and mortgages which the grantees in each of said deeds assumed and agreed to pay; that when said conveyances were made there was a valid lien on said real estate on account of a certain ditch assessment which appellee was compelled to pay.

Appellants filed an answer to this complaint in which they admit the execution of the deeds mentioned in the complaint and also that when they executed their deed to Sprinkle and Rogers there was a lien on said real estate on account of the ditch assessment as alleged in the complaint but that the consideration set out in the deed from them to Sprinkle and Rogers was not the true and full consideration received by them but that at the time of such sale and before the execution of their deed their grantees agreed to assume and pay said ditch assessment as a part of the purchase price of the real estate, and that the assumption and agreement of their grantees to pay said assessment was a part of the consideration for their conveyance.

A demurrer for want of facts having been sustained to this answer, appellants excepted and, refusing to plead further, judgment was rendered against them for

the amount appellee was required to pay to satisfy the ditch assessment.

The correctness of this ruling is the only question presented by this appeal. Appellee makes no attempt to uphold the action of the court in sustaining the demurrer. They content themselves by attacking appellants' brief. We do not deem the objections made to appellants' brief to be of sufficient importance to justify a discussion of the same. We will therefore pass to a consideration of the sufficiency of the answer.

*Hays* v. *Peck* (1886), 107 Ind. 389, 8 N. E. 274, is directly in point, the only difference being that, that was an action by a grantee against his immediate grantor. In that case the trial court allowed the defendant to prove by parol that, as a part of the consideration for the conveyance, the grantee agreed to pay the ditch assessment. This was held not to be error. The court saying: "It is settled by our decisions that the consideration of a deed may be shown by parol evidence, and that, for this purpose, it may be shown that the grantee verbally agreed, as a part of the consideration, to pay an existing encumbrance. * * * It is an elementary doctrine that the consideration of a deed may be shown by parol, and it is impossible to give effect to this doctrine without permitting the parties to prove what agreement as to the consideration preceded the execution of the deed. The agreement as to the consideration necessarily precedes the execution of the deed, and the fact that the consideration was agreed upon some time prior to the delivery of the deed does not preclude the grantor from showing what constituted the consideration of the deed. To hold otherwise would be to run counter to the rudimentary doctrine that it is always competent to prove the actual consideration yielded for the conveyance of land."

The rule as thus announced stands as the law in this

state and by it we are bound. See, also, *Lowery* v. *Downey* (1898), 150 Ind. 364, 50 N. E. 79; *Levering* v. *Shockey* (1885), 100 Ind. 558; *Maris* v. *Iles, Admr.* (1892), 3 Ind. App. 579, 30 N. E. 152.

Appellants' defense, being valid as against their immediate grantees, is equally effective against their remote grantees. The right of a remote grantee to recover against a remote grantor cannot be greater than the rights of the immediate grantor of the such remote grantee. *Scott* v. *Stetler* (1891), 128 Ind. 385, 27 N. E. 721; *Coleman* v. *Lyman* (1873), 42 Ind. 289; *Gavin* v. *Buckles* (1873), 41 Ind. 528.

Judgment reversed, with directions to overrule the demurrer to appellants' answer, and for further proceedings consistent with this opinion.