ABBOTT
v
ALLEN.

## ABBOTT *against* ALLEN AND OTHERS.

In an action of covenant for the breach of a covenant of seisin in a deed, the breach was assigned by negativing the words of the covenant; the defendants pleaded that they were seised, &c. pursuing the exact words of the covenant; and the plaintiff replied merely negativing the covenant, and reiterating the breach assigned in the declaration: it was held that both the replication and the pleas were good, and that the breach was well assigned in the declaration.

The defendants were not bound in their plea to set forth the name of their title; and the plaintiff was not bound to set forth any particular outstanding title, he being presumed to be ignorant of the real state of the title, and the grantor retaining the evidences of it.

A covenant of seisin, if broken at all, must be so at the instant it was made.

A grantor conveying with covenant of seisin is not bound to deliver the title deeds to the grantee.

THIS was an action of covenant. The declaration stated, that on the 18th of *April*, 1805, by a certain indenture, the defendants, in consideration of the sum of 2500 dollars, bargained and sold to the plaintiff, in fee, a certain piece of land, in the town of *Paulings*, and covenanted that they " were lawfully seised in their own right, of a good, sure, and indefeasible estate of inheritance, in fee simple, of, in, and to the said premises, with the appurtenances, and had good right, lawful power and authority, to grant, bargain, and sell, alien, release, enfeoff and convey the same premises unto the said party of the second part, his heirs and assigns, to his and their only use and behoof, in manner and form as above written, in the said deed or indenture." The plaintiff then avers, that the defendants, at, and until the unsealing and delivery of the said indenture, to wit, &c., " were not lawfully and rightfully seised, in their own right, of a good, sure, and indefeasible estate of inheritance, in fee simple, of, in, and to the said premises, with the appurtenances, and had not good right, lawful power and authority, to grant, bargain and sell, alien, release, enfeoff and convey the same unto the said *Enoch Abbott*, his heirs and assigns, to his and their only use and behoof, in manner and form as above in said deed, indenture, or instrument in writing is covenanted."

The defendants pleaded, 1. *Non est factum.* 2. That at the time of making the said indenture " they were lawfully and rightfully seised, in their own right, of a good, sure, and indefeasible estate of inheritance, in fee simple, of, in, and to the said premises, with the appurtenances, and had good right, lawful power and authority, to grant, bargain and sell, alien, release, enfeoff and convey the same unto the said plaintiff. his heirs and assigns, to his and their only use and behoof, in manner and form aforesaid,"

The plaintiff replied, " that the said defendants, at the time of making the said indenture and covenant, were not lawfully and rightfully seised in their own right, of a good, sure, and indefeasible estate of inheritance, in fee simple, of, in, and to the said premises, with the appurtenances, and had not good right,

lawful power and authority to grant, bargain, sell, alien, release, enfeoff and convey the same unto the said plaintiff, his heirs and assigns, to his and their only use and behoof, in manner and form aforesaid, as the said defendants have above in pleading alleged:" and this he prays may be inquired, &c., and the said defendants do the like, &c.

The defendants demurred to this replication, and alleged for causes of demurrer, that there was no sufficient breach assigned in the replication: that it did not show in whom the title to the premises vests, or is vested, whereby the defendants were not seised, nor had good right to convey the same : and that the replication was, in other respects, uncertain, &c. The plaintiff joined in demurrer.

*J. Tallmadge,* in support of the demurrer. There is not a sufficient breach assigned in the replication. We do not mean to say that the plaintiff must, in his declaration, set forth how the defendant was not seised. The words of the covenant being general, an assignment of the breach generally is, *prima facie,* good; but when the defendant pleads that he was seised, &c., then the plaintiff, in his replication, must show how and wherein the defendant was not seised, or point out, specifically, the *gravamen* of his suit, or the injury of which he complains, so that the defendant may come prepared to meet him at the trial.*

The case of *Sedgwick v. Hallenback,†* is like the present, and points out the proper mode of pleading. The plaintiff in his replication showed how the defendant was not seised ; but the replication being filled with immaterial facts and double, was held bad on special demurrer.

In *Meredith v. Allen,‡ Holt,* Ch. J., lays it down, that if the defendant pleads *performance of a condition,* though it be not well pleaded, the plaintiff, in his replication, must show a breach; for then he has no cause of action, unless he show one. This marks the true distinction between the cases where it is necessary to assign a breach in the replication, and where it is not.

*Bloom,* contra. The error of the defendant's counsel lies in supposing the defendant's plea to be equivalent to a general plea of performance, which it is not. 1. The true rule on this

* *Hancock* v. *Field,* Cro. Jac. 171. *Salman* v. *Bradshaw,* Cro. Jac. 304. *Muscot* v. *Ballet,* Cro. Jac. 369. *Gyll* v. *Glass,* Cro. Jac. 312. 2 *Bac. Abr.* 84, 85, *Covenant,* (1) 6 *Vin. Abr. Covenant,* (T.) s. 2.

† 7 *Johns. Rep.* 376.

‡ 1 *Salk.* 138. n 4. See 2 *Saund.* 103. *b.* *Saund.* 181. *a.* n. 10. *Comyn. Dig. Pleader,* (C.) 45. 49. 1 *Ld. Raym.* 106 168.

ALBANY,
August 1817.

ABBOTT
v.
ALLEN.
* 9 Co. 60. 61

subject is laid down in *Robert Bradshaw's case*,* where it was resolved, by all the justices, that the assignment of the breach of the covenant was good, negativing the words of the covenant; " and it lies more properly in the knowledge of the lessor what estate he himself has in the land which he demises, than the lessee, who is a stranger to it; and, therefore, the defendant ought to show what estate he had in the land at the time of the demise made, by which it might appear to the court, that he had full power and lawful authority to demise it." So, in *Gale and others* v. *Reed*,† where the covenant was to employ the plaintiffs exclusively, and no other persons, in making cordage, a breach assigned that the defendant made cordage for *divers persons*, and employed *other persons* than the plaintiffs, was held well assigned. This principle is fully recognised by Mr. Justice *Spencer*, in delivering the opinion of the court, in the case of the *People* v. *Dunlap*.‡ That was an action on an administration bond, and one of the breaches assigned was, that goods, chattels, and sums of money, of the deceased, to a large amount, to wit, the amount of 500 dollars, had come into the hands of the administratrix, which she had converted to her own use, &c., and the objection taken on demurrer was, that the breach was too general and indefinite for the defendant to take issue on; but the court held it sufficient, because the creditor, at whose relation the suit was brought, was not presumed to know what precise goods, &c., came to the hands of the administratrix; the fact alleged lying, more properly, in the knowledge of the defendant.

2. In *Shun and others* v. *Farrington*,§ the general way of stating the breach, in the replication, was held sufficient, as a different mode of pleading would lead to an inconvenient length; and the case of *Jones* v. *Williams*,‖ which seemed to countenance a different rule, was overruled as not law. Where matter tends to prolixity, a concise manner of pleading ought to be adopted.**

3. Again; the replication brings the matter in controversy, the title of the grantor, to a single point of inquiry. In *Glinister* v. *Audley*,†† the defendant covenanted that he was seised in fee simple; the defendant pleaded covenants performed; the plaintiff replied, that the defendant was not seised, &c.; and the defendant demurred generally, because he supposed that the plaintiff ought to have shown of what estate the defendant was

† 8 East, 80. 8
Term. Rep., 459.
Bac. Abi. Cov.
(I.)

‡ 13 Johns. Rep.
437. 440.

§ 1 Bos. & Pull.
640. See Bartin v Webbe, 8
Term Rep. 459.

‖ Doug. 214.

** Lutw. 421.
Cro. Eliz 749.
916. 2 Johns.
Rep. 416. 5
Johns. Rep. 173.

†† T. Raym. 14,
15. Pullin v.
Nicholas, 1 Lev.
83.

seised, as he had parted with all his writings concerning the land, in presumption of law, and, therefore, it was not like *Bradshaw's* case, where the covenant was with a lessee for years, who had not the writings. But the court resolved. that the breach was well assigned in the words of the covenant.

In *Shun* v. *Farrington*, Ch. J. *Eyre* says, "It is a rule that issue cannot be taken on a plea of general performance, because such plea goes to a multitude of facts, one of which the plaintiff must select. But where a covenant relates to one fact only, issue might be taken on the plea of performance without any objection, were it not for the general rule, which requires that to such a plea the plaintiff must reply.

In *Amhurst* v. *Skinner*,\* a case of *replevin*, on a distress for arrears of an annuity, it was pleaded that the plaintiff was not, at the time of granting the annuity, *seised in fee simple*, &c., without saying who was seised; and the replication was, that the plaintiff, at the time, &c., was *seised in fee simple*, &c., without showing how he was seised; and rejoinder, that the plaintiff was not seised in fee simple, &c., without showing who was seised. No objection was made to these pleadings; and the court of K. B. said, the true question raised by the pleadings was, whether the grantor of the annuity was seised in fee simple. in possession, at the time of the grant, within the meaning of the annuity act.

*Precedents*, also, are to the same effect. In *Dower*, the demandant alleges a seisin in the husband. The defendant may plead that the husband was *not seised*, without saying who was, and conclude to the court.† So in a writ of right, the demandant counts on a seisin in him, or his ancestor, and the denial of such seisin is the general issue in which the demandant joins, without any replication.‡

*Tallmadge*, in reply. In the case of *Glinister* v. *Audley*, the breach was assigned in the declaration. As reported in 1 *Keble* 58., there appears to have been no decision, the cause having been adjourned. An observation was made by *Twisden*, J., that he conceived the title good; but *Mallet*, J., was of a contrary opinion; and *Foster*, J., was absent. This is the same case mentioned in *T. Raymond's* Reports.

In *Marston* v. *Hobbs*,§ decided in the supreme court of Massachusetts, *Parsons*, Ch. J., said, that the *general* rule was, that

\* 12 *East*. 263.

† 10 *Went. Pl.* 259.

‡ *Booth*, 96.
3 *Wils.* 419.

§ 2 *Mass. Re.* 433.

ALBANY,
August, 1817.

ABBOTT
v.
ALLEN.

the plaintiff might assign the breaches generally by negativing the words of the covenant; but where the general assignment does not necessarily amount to a breach, the breach must be specially assigned; that the covenants of *seisin*, and of a *right to convey*, were synonymous, and came within the rule. " The defendant in his bar, should regularly maintain his seisin; and then the plaintiff, in his replication, should aver who, in fact, was seised." Such is the rule, also, in the superior court of *Connecticut.**

* 2 Root's Rep. 14.

PLATT, J., delivered the opinion of the court. It is well settled, as a general rule, that in actions of covenant, breaches may be assigned by negativing, generally, the words of the covenant. There can be no doubt that the breach in this case is well assigned in the declaration. The plea, in averring *seisin and lawful right in the defendants generally*, was good; although the defendants might have set forth in their plea the source and chain of their title, if they had been desirous of presenting on the record any question of law which might be involved in it.

It remains then to be considered, whether the replication, which in general terms reiterates the breach assigned in the declaration, is liable to just exception.

In the case of *Marston* v. *Hobbs*, (2 *Mass. Rep.* 433.,) Ch. J. *Parsons*, in laying down some abstract propositions on this branch of the law, says, " the defendant, in his bar, should regularly maintain his seisin; and then the plaintiff, in his replication, should aver who, in fact, was seised."

That case, however, presented a question of *evidence* merely, and not a question of *pleading*. There was no replication; and the reporter says, that " issues, in fact, were joined on two several pleas in bar; and on each issue the question was, whether the defendant was seised of the premises in fee simple, at the time of executing the deed declared on."

It is worthy of remark, too, that the covenant in that case was, that the grantor " was *lawfully seised in fee*, and had a good right to convey." In the case now before us, the grantors covenanted that they were " seised of an *indefeasible estate* of inheritance in fee simple," &c. : and Ch. J. *Parsons*, in that case, lays much stress on the distinction between the two cases.

The decisions in *Bradshaw's* case, (9 *Co. Rep.* 60. *b.*) and in the cases of *Muscot* v. *Ballet*, (*Cro. Jac.* 369.) and *Glinister* v.

*Audley,* (Sir *Thos. Raym.* 14.,) appear to me to give the rule which must govern this case.

The case of *Glinister* v. *Audley* was like this in every essential feature. It was an action of debt on a bond for performance of covenants; the defendant craved oyer, by which it appeared that he had covenanted that he was seised of an indefeasible estate in fee simple; and he pleaded performance of that covenant. The plaintiff replied, that the defendant was not seised of an indefeasible estate in fee simple; to which replication the defendant demurred; and it was resolved, that the breach was well assigned, and judgment was given for the plaintiff. (2 *Saund.* 181. *a. n.* 19.)

The marked distinction between a covenant of seisin, and those for quiet enjoyment and general warranty, consists in this, that the covenant of seisin, if broken at all, must be so at the very instant it is made; whereas, in the latter covenants, the breach depends upon the subsequent disturbance and eviction, which must be affirmatively alleged, and proved by the party complaining of the breach.

A grantor, who gives either of those covenants, is not bound to deliver to his grantee the prior deeds and evidences of his title. Here the defendants covenanted that they had a good title. The legal presumption, therefore, is, that they retain, or can produce, the evidence of that title, if any. The grantee relied on that covenant; and until the grantors disclose their title, he holds the negative merely, and is not bound to aver or prove any fact in regard to an outstanding title. *Prima facie,* the grantee is to be presumed ignorant of the real state of the title. The grantors are not bound, unless by suit, to explain their title. It is enough that the grantee suspects the grantor's title to be defective : he is not bound to wait in suspense until by possibility he can find out in whom the title really is.

The grantors have asserted in their deed, that the title was in them. If that be true, they can show it : if it be untrue, then the covenant is broken; and it is perfectly immaterial whether the real title happens to be in one stranger or another. The grantors have no right to shift the responsibility from their own shoulders, by imposing it on the grantee, to aver and prove, at his peril, any particular outstanding title.

All that is incumbent on the plaintiff is to negate the title of the defendants, who plead, affirmatively and generally, that they

had a good title; and the general replication in this case is sufficient.

This differs from the class of cases where the plea avers a general performance of the covenant; and then the plaintiff is required in his replication to specify wherein the breach has been committed: for instance, in an action of covenant for not repairing a leased messuage, the declaration may assign the breach generally, that the covenantor did not repair, &c.; the defendant may then plead generally a performance of his covenant; and the plaintiff then is required, in his replication, to specify wherein the repairs have been omitted, in order that the defendant may be apprised, with reasonable certainty, what is the object of the suit. The reasons for requiring such a special replication are, 1st. That the subject to which the covenant relates, is perfectly known to the party complaining of the breach; and, 2dly. The suit has a more general aspect; and the subject of the breach is *multifarious*. Therefore, the law in such case, most reasonably requires the replication to specify that a chimney has fallen down; that the windows are broken; that the barn is unroofed; or that the fences are prostrate, &c.

In this case, the point in controversy is *single* and *abstract*. The question is, merely, whether the defendants had an indefeasible title? and the only evidence in relation to that title *may be* exclusively in the power of the defendants.

To say, that in such a case the grantee must wait until he is evicted, and thereby incur the hazard of the insolvency of his grantor, would, in many cases, consign an honest purchaser to ruin. It must be understood that we decide the question of *pleading* only, without expressing a definite opinion as to the *evidence* which may be requisite to maintain the defendant's plea of *seisin*, &c. There may, perhaps, be ground for a solid distinction between a case where the covenant of seisin is accompanied by a transfer of *actual possession*, and a case where the premises are, in fact, *vacant*. The plaintiff is entitled to judgment on the demurrer.

Judgment for the plaintiff. (a)

(a) In the case of the administrators of *Sebeer* v. *Kimball*, the same questions arose on demurrer, and judgment was given for the plaintiffs.