.Tueley, J.
delivered the opinion of the court.
The intestate, Benton R. White, sold a negro man named Augustus, to the plaintiffs for the sum of six hundred dollars, and executed to them a bill of sale without seal, bearing date the 17th of April, 1833, in which is contained a warranty that the negro was a slave for life. On the 17th day of June, 1846, the plaintiffs brought an action on the case for a breach of this warranty against the defendant as administrator of White; to which he has pleaded in bar the several statutes providing for the limitations of actions, as well those made for the protection of executorsand administrators, as those for the limitation of actions, generally. Whether these statutes, or any of them, constitute a defence to this action, depends upon the period *532 of time at which the law holds this contract of warranty to have been broken. ■ If it were broken as soon as made, the defendant is protected by the statute of limitations, but if it were not broken until the slave asserted successfully his right to freedom, he is not.
We hold, upon principle and authorty, that the contract of warranty was broken as soon as it was executed, and that the plaintiffs might have had their action thereon at once, and could have effected a recovery upon proof that the negro was a freeman. The warranty is in the present tense, that the negro is a slave for life; no eviction, if such a use of the term is allowable, is necessary to give a cause of action upon such a contract of warranty, it partakes of the nature of a covenant of seisin as to real estate; which has always been held to be broken as soon as made, and without eviction.
Why should the vendee be compelled to wait for the negro to assert his freedom before he can bring suit upon his warranty? It is a crime to keep him in slavery after he is ascertained to be free. It becomes his duty both in law and morals, in such event, immediately to discharge him from servitude, and seek his redress against his vendor; and, unquestionably, he may do so. Then his right of action accrues immediately. The statute of limitations commences running immediately, and it runs on, effectuating a bar to the right of action, in the time prescribed by statute.-
It may be the misfortune of the vendee not to ascertain the fact of the slave’s freedom in time to prevent the operation of the statute of limitations, upon his right of action upon his warranty, but that cannot alter the *533 law. 4 John. Rep. 72; 14 John. Rep. 248; Mar. Rep. 217; 4 Bibb R. 304; Conn. Rep. 373; 4 Hum. 66.
We, 'therefore, affirm the judgment of the Circuit Court.