## MECKLEM VS. BLAKE.

Where in answer to an action on the covenant of seizin, the defendant alleges, that at the time of the conveyance, he was well seized, &c., the burden of proof is on the defendant who has the affirmative of the issue, and the plaintiff is not bound, in order to make out his case, to prove that the defendant has not kept his covenant.

ERROR to the Circuit Court for *Ozaukee* County.

The facts in this case are sufficiently stated in the opinion of the court.

*Hugh Cunning*, for plaintiff in error.

*A. M. Blair* and *W. A. Pors*, for defendant in error.

*By the Court*, COLE, J. This was an action for a breach of a covenant of seizin. The form of the covenant was, that the defendant was "well seized of the premises above described, as of a good, sure, perfect, absolute and indefeasible estate of inheritance in fee simple," &c. The complaint alleged that he was not so seized, and negatived the language of the deed. The defendant answered that he had performed the covenants of his deed, and that at the time of conveyance he was well seized, &c., following likewise the language of the deed. On the trial the question was raised as to which party held the affirmative upon the issue ; and was bound to sustain it by evidence. The court decided that the burden of proof was on the plaintiff; that he had the affirmative of the issue, and must show that the defendant was not seized of an absolute and indefeasible estate of inheritance in the premises at the time of the conveyance. The plaintiff, not being prepared with this proof, was compelled to submit to a non-suit. And the question is, was the nonsuit right? We think not. The general rule is familiar to every lawyer, that the burden of proving any fact, lies upon the party who substantially asserts the affirmative of the issue. And this, says Prof. GREENLEAF, is a rule of convenience, adopted not because it is impossible to prove a negative, but because the negative does not admit of the direct and simple proof of which the affirmative is capable. 1 Greenl. Ev., § 74. Usually, in actions of covenant, the party suing, proves the particular breach complained of; and it was probably a recollection of this rule which made the court hold in this case that the plaintiff must prove title out of the defendant. But a different rule seems to obtain in respect to

actions on the covenant of seizin. The authorities seem to hold that in that case, the rule as to evidence should correspond with the rule as to the pleadings, and that a knowledge of the state of title being supposed to rest with the defendant, he is bound to maintain the affirmative of his covenant.

In *Abbott vs. Allen*, 14 Johns., 247, Justice PLATT makes the following observations, which are apposite to the question we are now considering: " The marked distinction," says he, " between a covenant of seizin and those for quiet enjoyment and general warranty, consists in this, that the covenant of seizin, is broken, if at all, must be so at the very instant it is made; whereas, in the latter covenants, the breach depends upon the subsequent disturbance and eviction, which must be affirmatively alleged and proved by the party complaining of the breach. A grantor who gives either of these covenants, is not bound to deliver to his grantee the prior deeds and evidences of his title. Here the defendants covenanted that they had a good title. The legal presumption therefore is, that they retain or can produce the evidence of that title, if any. The grantee relied on that covenant; and until the grantors disclose their title, he holds the negative merely, and is not bound to aver or prove any fact in regard to an outstanding title. *Prima facie*, the grantee is to be presumed ignorant of the real state of the title. The grantors are not bound, unless by suit, to explain their title. It is enough that the grantee suspects the grantor's title to be defective; he is not bound to wait in suspense until by possibility he can find out in whom the title really is."

It is true the question in that case was one of pleading rather than evidence; but still the remarks of the court are applicable to the question before us. For here the defendant alleges that he was seized, at the time of conveyance, of a good, sure, absolute and indefeasible estate of inheritance in the premises, and the evidence in relation to that title may be exclusively in his possession or under his control.

In *Snafford vs. Whipple*, 3 G. Green. (Iowa), 261, the point was distinctly presented as to which party had the burden of proof in an action for the breach of the covenant of seizin. The court decided in that case that the burden of proof lay upon the defendant, who had the affirmative of the issue by the pleadings, and that he must first introduce evidence to sustain the issue, and that the plaintiff is not bound to prove that the defendant has not kept his covenants. It is likened to a case where a party pleads infancy, or a freehold in himself, in certain actions, where the *onus probandi* is upon him to establish that defense. See also *Glinister vs. Audley*, Sir T. Raymond's R., 15.

The foundation of all these cases is the resolution in *Bradshaw's Case*, 9 Coke, 60, that it lies more properly in the knowledge of the lessor what estate he himself has in the land which he demises, than in the lessee, who is a stranger to it, and therefore the defendant ought to show what estate he had in the land at the time of the demise made. We think there is great force in this view of the matter, even under our registry laws, because no man is bound to put his title upon record unless he thinks proper. It therefore might be difficult, if not impossible, for the plaintiff to prove the negative proposition, that the defendant was not seized of an indefeasible estate in the land.

For this reason we are of the opinion that the circuit court erred in holding that the plaintiff must prove the affirmative of the issue, and show title out of the defendant. The answer tendered an affirmative issue, in substance and effect, and the burden of sustaining it was upon the defendant.

The judgment of the circuit court is reversed, and a new trial ordered.