## Joseph Ingalls v. William Eaton.

*Covenant of seisin: Evidence: Burden of proof.* In a suit upon a covenant of seisin in a conveyance of land, where the breach is assigned in general terms and the statutory general issue is pleaded, the mere production of the plaintiff's deed in evidence is not sufficient to maintain a recovery. Proof of the covenant does not cast the burden upon the defendant of proving that he has conveyed such a title as he has warranted.

*Pleadings: Statutory general issue.* Under our statutes the plea of the general issue is a complete denial of the plaintiff's cause of action, and calls upon him to prove it; and under such a plea the common-law rules of pleading aid but little in determining where the burden of proof rests.

*Heard April 19.    Decided April 23.*

Error to St. Clair Circuit.

*Trowbridge & Atkinson,* for plaintiff in error.

No counsel appeared for defendant in error.

COOLEY, J.

In this case the plaintiff sues on a covenant of seisin contained in a conveyance of lands made to him by the defendant. The breach is assigned in general terms, not pointing out any specific defect. The plea, as required by our practice, is the statutory general issue. On the trial the plaintiff put his deed in evidence, and then rested. The defendant put in no proof, and the circuit judge held that the plaintiff was not entitled to recover. This ruling is all that is before us for review.

It is insisted for the plaintiff that, in an action on a covenant of seisin, when the covenant is proved the burden of proof is cast upon the defendant to show that he has conveyed such a title as he has warranted. If this is so, it is probably the only instance in the law in which the mere assertion of a claim against a party is sufficient *prima facie*

to establish it.    The doctrine is nevertheless urged upon us as reasonable, inasmuch as the facts concerning the title may be supposed more particularly within the knowledge of the covenantor than of his grantee.    There may be some force in this; but as a suit is not likely to be brought until some defect comes to the knowledge of the grantee, there can be no particular hardship in calling upon him to point it out.    It is also suggested that in the absence of all evidence concerning the title, the plaintiff would be entitled to recover, because the government is presumptively the owner of all lands in the new states until it is shown to have parted with its title.    This, however, we think not strictly accurate.    The presumption of ownership in the government is sufficient to support its own conveyance until overcome by evidence; but as the government holds the public domain only for the purposes of sale, the presumption of continued ownership in a settled part of the country rapidly becomes very faint, and can have little influence in a controversy between parties whose contract assumes the land in controversy to be private property.    Obviously the presumption of continuance of government title is very different from that which supports the titles of individuals.

The plaintiff in the main, however, relies upon certain adjudicated cases, which are supposed to cast the burden upon the defendant in these actions.    The leading case is *Hancock v. Field, Cro. Jac., 170.*    That was a suit on a covenant to repair.    "An exception was taken to the declaration because the breach was assigned in not delivering up the house well repaired at the end of the term; and he doth not show in what point it was not well repaired. *Sed non allocutor;* for the breach being according to the covenant, it is sufficient.    But if the defendant had pleaded that at the end of the term he had delivered it up well repaired, then if the plaintiff will assign any breach, he

25 MICH.—5.

ought particularly to show in what part it was not repaired, so as the defendant might give particular answer thereto. And Williams, Justice, said it was so resolved in the case of *Boyle v. Saxye*, that in a declaration in an action of covenant it sufficeth to assign a breach as general as the covenant is." This case is sufficient to support the plaintiff's form of declaring, but it can aid him no further. . If the pleadings had gone to an issue as suggested by the court, it is obvious that the plaintiff would have held the affirmative, and would have been called upon to prove the particular defect complained of. An issue in the precise form suggested was made up in *Sedgwick v. Hollenback*, *7 Johns., 376.*

The first American case cited is *Marston v. Hobbs, 2 Mass., 433.* There the defendant seems to have held the affirmative of the issue, and was required to take upon himself the burden of proof to establish his seisin; but Parsons, Ch. J., says, while holding that the plaintiff in his declaration may assign the breach in general terms, "The defendant in his bar should regularly maintain his seisin, and then the plaintiff in his replication should aver who in fact was seised." This case is followed in *Abbott v. Allen, 14 Johns., 248; Swafford v. Whipple, 3 Greene (Iowa), 261,* and *Mecklem v. Blake, 16 Wis., 102*; but the reason is clearly enough pointed out in the case last mentioned, in which the court say, "The general rule is familiar to every lawyer, that the burden of proving any fact lies upon the party who substantially asserts the affirmative of the issue." Had the issue been framed as Chief Justice Parsons said it regularly should be, the logical conclusion must have been otherwise. See *Wilford v. Rose, 2 Root, 14.*

Questions as to the form of common-law pleadings, however, cannot go very far in determining upon whom is the burden of proof under our statutes. The statutory general

INGALLS v. EATON.

issue is a complete denial of the plaintiff's cause of action, and calls upon him to prove it. And we are far from conceding that there is any hardship in this as applied to the particular class of cases now under consideration. Where parties contract concerning lands on the assumption that one of them is the owner, it is a reasonable presumption that they have first satisfied themselves by inquiry what the title is; and if a defect comes to their knowledge afterwards, the party complaining of it should point it out. The law cannot assume that defects exist when the parties concerned, who may fairly be supposed to have inquired into the facts, assume the contrary. In *Breithaupt v. Thurmond, 3 Rich., 220*, O'Neall, J., says, "In an action at law on a contract for the sale of lands, the plaintiff is not bound to show that he has any title. It is sufficient that the defendant by his contract to buy admits that he has a title. The burthen of shewing the want of title is thrown on the defendant." The same ruling was made in *Brown v. Bellows, 4 Pick., 193; Snevily v. Egle, 1 W. & S., 480; Martin v. Hammon, 8 Penn. St., 270; Espy v. Anderson, 14 Penn. St., 312;* and this doctrine was adopted and followed by this court in *Dwight v. Cutler, 3 Mich., 566*. We have no doubt of its correctness. It would be a curious anomaly in the law if the vendor with the deed alone in evidence could recover the purchase price, and then that the vendee, on precisely the same evidence and no other, could immediately turn about and collect it back again on an assumption that the deed had conveyed no title.

The judgment of the circuit court must be affirmed, with costs.

CHRISTIANCY, CH. J., and CAMPBELL, J., concurred.

GRAVES, J., did not sit in this case.