MILTON T. WOOLLEY, Appellant, *v.* RICHARD S. NEWCOMBE, Respondent.

Where, in an action for a breach of covenant of seizin in a deed, the complaint averred as a breach that defendant was not the true owner, nor was he seized, etc., negativing the words of the covenant; the answer admitted the conveyance, but denied all the other allegations of the complaint, *held,* the affirmative of the issue under the Code was upon the plaintiff, and that he must prove the breach.

The reason of the rule of the common law imposing the burden of proof · upon the defendant, which rule was followed in this State prior to the passage of the Recording Act (*Abbott* v. *Allen,* 14 Johns. 248), is to be

found in the English system of conveyancing ; since the passage of that act the reason for the rule fails, and it has no longer any foundation to rest upon.

*Potter* v. *Kitchen* (5 Bosw. 566), overruled.

Allegations in a complaint in such action that defendant was not the true owner, and was not seized of the premises in fee are sufficient ; it is not essential that the title should be set out in detail.

(Argued October 12, 1881 ; decided January 31, 1882.)

Appeal from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, entered upon an order made at the January Term, 1880, which affirmed a judgment entered upon an order dismissing plaintiff's complaint on trial.

The nature of the action and the facts are set forth in the opinion.

*George H. Fletcher* for appellant. The law declares that the covenant of seizin, if broken, is broken the moment it is made. (Bac. Abr., tit. Covenant, H, p. 594, B, 595 ; *Greenby* v. *Willcocks*, 2 Johns. 5 ; *Hamilton* v. *Wilson*, 4 id. 71 ; *McCarty* v. *Leggett*, 3 Hill, 134 ; *Coit* v. *Reynolds*, 2 Robt. 658 ; *Abbott* v. *Allen*, 14 Johns. 253.) The burden of establishing the title is on the defendant and not on the plaintiff in an action for damages for breach of the covenant of seizin. (Bacon's Abr., Covenant, I, p. 599, K, p. 605 ; *Abbott* v. *Allen*, 14 Johns. 253 ; *Potter* v. *Kitchen*, 5 Bosw. 566 ; Rawle on Covenants for Title [4th ed.], 84 ; *Swafford* v. *Whipple*, 3 G. Green [Iowa], 264 ; *Hancock* v. *Field*, Cro. Jac. 170 ; *Marston* v. *Hobbs*, 2 Mass. 433.) Negativing the words of the covenant is the form approved in all the decisions for setting out the cause of action. (*Sedgwick* v. *Hallenbeck*, 7 Johns. 376 ; *Micklen* v. *Blake*, 16 Wis. 102 ; *Rickert* v. *Snyder*, 9 Wend. 416 ; 4 Kent's Com. 479.)

*Samuel Hand* for respondent. Under the rule of the common law the judgment is correct. (*Sedgwick* v. *Hallenbeck*, 7 Johns. 376 ; *Ingalls* v. *Eaton*, 25 Mich. 32.) The common-law rules of pleading have been abolished, and the form of

pleading and the rules by which the sufficiency thereof is determined are regulated by the Code (§ 518). (*Abbott* v. *N. Y. C. R. R.*, 12 Abb. [N. S.] 465 ; *Mann* v. *Morewood*, 5 Sandf. 557.) Tested by the present rules, the judgment below was clearly right. (*Abbott* v. *N. Y. C. R. R.*, 12 Abb. [N. S.] 465 ; *Laurence* v. *Wright*, 2 Duer, 673 ; *Schenck* v. *Naylor*, id. 675 ; *Van Schaick* v. *Winne*, 16 Barb. 89 ; *Sheridan* v. *Jackson*, 72 N. Y. 170.)

RAPALLO, J. The complaint avers a conveyance by the defendant to the plaintiff, for a valuable consideration, of certain land in fee, by a deed containing a covenant that the grantor at the time of the delivery of the deed was seized in his own right of a good, absolute and indefeasible estate of inheritance in fee-simple in the premises and good right, etc., to convey the same, and assigns as a breach that at the time, etc., the defendant was not the true owner, nor was he seized, etc., negativing the words of the covenant. The answer admits the execution of the deed and covenant, and denies all the other allegations of the complaint.

On the trial of the action the plaintiff put in evidence the deed, which showed that the consideration paid was $6,000; and rested his case. The defendant, having introduced no evidence, moved for a dismissal of the complaint, and the plaintiff moved that a verdict be directed in his favor. The court dismissed the complaint.

The plaintiff claims that it is settled law that in an action for breach of a covenant of seizin the burden is upon the defendant to establish his title, and that he holds the affirmative of the issue. He is sustained in this view by Mr. Rawle in his work on Covenants for Title, and by the adjudications cited by the learned author. In the earlier editions of his work Mr. Rawle questions this rule, and remarks that it would seem contrary to general principles that a vendor who had given a covenant for seizin could be called upon, after the execution of the deed and at the caprice of the covenantee, to make out affirmatively a perfect title without a defect or some

loss having been shown in the first instance; but in the fourth edition he expressly withdraws these remarks, and says at page 84: "As respects the burden of proof, it is settled that the rule as to the evidence corresponds with the rule as to the pleadings, and the knowledge of the state of the title being supposed to rest with the defendant, he is bound to maintain the affirmative of his covenant. It is considered that until the grantor discloses his title the plaintiff holds the negative merely, and is not bound to aver or prove any fact in regard to the outstanding title. Hence, if, upon the trial of the issue, neither party offers any evidence, the plaintiff is entitled to judgment."

The authorities by which this proposition is supported are *Marston* v. *Hobbs* (2 Mass. 437); *Swafford* v. *Whipple* (3 Green [Iowa], 264); *Schofield* v. *Iowa Homestead Co.* (32 Iowa, 321); *Baker* v. *Hunt* (40 Ill. 266); *Mecklem* v. *Blake* (16 Wis. 102); *Beckmann* v. *Henn* (17 id. 412). It is also sustained by *Potter* v. *Kitchen* (5 Bosw. 566), and *Abbott* v. *Allen* (14 Johns. 248). The case last cited involved only the question of pleading, but the matter of proofs was also referred to; and PLATT, J., in delivering the opinion of the court, says that the marked distinction between a covenant of seizin and those for quiet enjoyment and general warranty consists in this, that the covenant of seizin if broken at all must be so at the very instant it is made; whereas, in the latter covenants the breach depends upon the subsequent disturbance and eviction, which must be affirmatively alleged and proved by the party complaining of the breach. A grantor who gives either of these covenants is not bound to deliver to his grantee the prior deeds and evidences of his title. Here the defendants covenanted that they had a good title. The legal presumption, therefore, is, that they retain or can produce the evidence of that title, if any. The grantee relied on that covenant, and until the grantors disclose their title he holds the negative, and is not bound to aver or prove any fact in regard to an outstanding title.

The rule of pleading sanctioned by this case, and which

carried with it the rule as to the proofs, is very ancient, and was that the plaintiff might assign the breach by simply nega- tiving the words of the covenant. The defendant might plead that he was seized, etc., and in this particular kind of action issue might be joined by a replication simply reiterating the denial of seizin, without setting up that any other person was seized, or specifying any defect in the title. The plaintiff might, if he chose, assume the burden of attacking the title, as was done in *Sedgwick* v. *Hallenbeck* (7 Johns. 376), but he was not bound to do so. The earliest case upon the subject is *Bradshaw's Case* (9 Co. 60), where this general form of assigning the breach was sustained, for the reasons before stated. The covenant in that case was contained in the lease. In the subsequent case of *Glinister* v. *Audley* (T. Raym. 14) a distinction was sought to be made in the case of a con- veyance in fee, but the former rule was adhered to. In the case of *Schofield* v. *Iowa Homestead Co.* (32 Iowa, 321) the plaintiff alleged, as in the present case, that the defendant was not the true owner of the premises which he had conveyed to the plaintiff. The defendant in his answer denied that he was not the true owner, and no evidence was offered on either side ex- cept the deed from the plaintiff to the defendant. The court held that the defendant's denial amounted to an averment of seizin, and that in the absence of all proof the plaintiff was entitled to judgment.

The only case to which we have been referred holding a contrary doctrine is *Ingalls* v. *Eaton* (25 Mich. 32), in which COOLEY, J., declined to follow the cases in Iowa and Wiscon- sin, and held that rules as to the form of common-law plead- ings could not go far in determining upon whom was the burden of proof under the statutes of Michigan; that under those statutes the general issue was a complete denial of the plaintiff's cause of action, and called upon him to prove it, and that consequently in an action in that State for breach of a covenant of seizin, where the plea was the general issue, the plaintiff was bound to prove in what respect the title was defective.

SICKELS — VOL. XLII.     77

The counsel for the appellant concedes that the rule invoked by him is exceptional, and that the case itself is anomalous. If the rule exists as claimed the case certainly presents the curious feature of an action for breach of covenant in which the defendant in his answer denies every allegation of the complaint, except that he executed the deed and yet a judgment must go against him on the pleadings unless he proves affirmatively that he performed his covenant, no proof of its breach being required of the plaintiff. That this result followed under the common-law system of pleading may be conceded, but in order to ascertain whether under our present system the same end can be reached it is necessary to examine the origin of the former rule and ascertain upon what it is founded.

In general it was sufficient in declaring in an action for breach of covenant, to assign the breach generally by negativing the words of the covenant. (*Marston* v. *Hobbs*, 2 Mass. 437; *Hancock* v. *Field*, Cro. Jac. 170; *Muscot* v. *Ballet*, id. 369; 3 Saunders, 181 B.)

The defendant could plead *non est factum*, which put in issue only the execution of the deed and admitted the breach, or he could plead performance of the covenant; if he pleaded performance then it was for the plaintiff in his replication to aver specially in what point the defendant had failed to perform, as in *Hancock* v. *Field* (Cro. Jac. 170), where it was held that in an action for breach of a covenant of a lessee to leave the premises in good repair, a declaration negativing the words of the covenant was sufficient, but that if the defendant pleaded that he did deliver up the premises at the end of the term in good repair, it was then incumbent upon the plaintiff in his replication to show in what point they were not in repair and the defendant could take issue on these allegations On pleadings thus framed the burden of proof of course rested upon the plaintiff. It was held, however, that in an action for breach of a covenant of seizin the plaintiff need not specify in what respect the title was defective, and this as has been before stated was put upon the ground that the knowledge of the title was with the defendant, the vendor. And the point decided in *Abbott* v. *Allen* (14 Johns. 248) was

that where the defendant pleaded generally that he was seized, etc., the plaintiff might join issue on that plea by simply reiterating his denial of the defendant's seizin, and this left the burden of proof with the defendant to maintain his plea of seizin, under the general rule that the burden of proving any fact lies upon the party who affirms it.

The reason for thus permitting the plaintiff to drive the defendant to the affirmative of the issue in an action upon this particular covenant is to be found in the system of conveyancing prevalent in England when these rules were established. The owner of a landed estate depended for his title upon his title deed and muniments of title, these were not matters of public record but were accessible only to the owner of the estate who retained them in his possession. So where a party held a leasehold estate merely, it was in many cases impossible for him to show his title which depended upon the title of his landlord. Lord ELDON in *Browning* v. *Wright* (2 Bos. & Pul. 23) remarks: " With regard to many estates in this town held under the Duke of Bedford and the Duke of Portland, it would be next to impossible to show any thing but the lease itself. The vendors could not produce the muniments of their estates, which are deposited in the family chests of those noblemen." Where the owner of an estate sold the fee, the right to possession of the title deeds usually passed with it and a conveyance in fee-simple usually contained a grant of all deeds, evidences, writings, etc. (2 Hilliard on Real Property, 517.) But where a vendor conveyed only a portion of his estate he retained his title deeds for his own security, and where in a conveyance of an estate the grantor gave a covenant of seizin or warranty the grantee was not entitled to the title deeds. (2 Hilliard on Real Property, 585 [4th ed.]; *Yea* v. *Field*, 2 Term Rep. 708; *Hooper* v. *Ramsbottom*, 6 Taunt. 14.) If the owner in fee sold without warranty the purchaser was entitled to the title deeds, etc., but if he sold with warranty he had a right to retain all deeds and evidences necessary to maintain his title. (*Buckhurst's Case*, 1 Co. Rep. 1 *a.*) It was to these rules that PLATT, J., had reference in *Abbott* v. *Allen* (14 Johns. 248), where he said that a grantor giving cov-

enants for title was not bound to deliver to his grantee the prior deeds and evidences of his title.

Under these customs and this state of the law, and before the recording acts it is easy to understand why it should be held that in an action on the covenants of seizin the vendor was bound to disclose his title. He was allowed to retain the evidences thereof for the very purpose of answering to these covenants. It is equally manifest that under our present system of conveyancing and making the title to real estate matter of public record as accessible to the vendee as to the vendor, the reason for the former rule entirely fails, and in this State it no longer has any foundation whatever to rest upon; and if the common-law system of pleading still prevailed the plaintiff, in replying to a plea of seizin, would doubtless be required to state as in other actions of covenant, the particulars of the breach, and thus assume the affirmative. An action of this description would no longer be an exception to the general rules of pleading.

Under the Code, however, no replication is necessary; issue is joined by the service of the answer. The defendant is not bound to set up in his answer performance of the covenant, but may put in a general denial, and this puts in issue the allegation of the breach of the covenant and throws upon the plaintiff the burden of proving it. There is nothing consequently either in the nature of the case or in the form of the pleadings which should throw upon the defendant the affirmative of the issue.

The complaint in this case is we think sufficient. The allegations that the defendant was not the true owner, and was not seized of the premises in fee, were allegations of matters of fact.

It was not necessary to the sufficiency of the complaint that the title should be set out in detail. If the particulars of the defects complained of are required to enable the defendant to defend, they must be obtained in some of the modes provided by the Code.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.