### LANDT, APPELLANT, v. MAJOR, APPELLEE.

1. BURDEN OF PROOF.
When the allegations of the complaint in an action for damages for a breach of covenant of seizin are denied, the burden of proof is upon the plaintiff.
2. SAME.
The burden of proof is generally upon the party holding the affirmative of the issue.

*Appeal from the District Court of Arapahoe County.*

Mr. LUCIUS P. MARSH, for appellant.

Mr. W. T. ROGERS, for appellee.

RICHMOND, P. J., delivered the opinion of the court.

In this case James S. Major, plaintiff, sues on a covenant of seizin contained in a conveyance of land made to him by the defendant. The breach assigned is that Landt was not well seized of a portion of the premises mentioned in the deed; that one Howard M. O'Haver held and owned a certain portion of the premises under an irresistible paramount title. Twelve hundred dollars damages claimed.

The defendant puts in a general denial of each and all of the allegations of the complaint, and as a second defense alleges that the plaintiff had conveyed the lands described in the complaint to one Ellen C. Hopkins. The court determined that the burden of proof was upon the defendant. Thereupon plaintiff offered no proof, and the defendant declined to introduce any testimony and excepted to the ruling of the court. Thereafter plaintiff offered proof to show the value of the premises alleged to have been conveyed and claimed by O'Haver. Judgment was rendered for the sum of $625.

The sole question presented for our consideration is as to whether the ruling of the court was correct. Prior to the code the undoubted rule was, that the obligation was on the defendant in an action of this kind to establish the performance of his covenant of seizin, and the reason therefor is patent to any attorney familiar with common law pleading. But the necessity for a continuance of the rule does not now exist. Under the code practice the plaintiff is bound to set forth facts sufficient to constitute a cause of action. This he undoubtedly did, and the allegations are met by the general denial, and this puts in issue every allegation of the complaint, including the execution and delivery of the deed; and we think that it was the undoubted duty of the plaintiff to

prove the allegations, before a judgment could be rendered against the defendant.

Under the Michigan practice the defendant was permitted to plead the general issue, and in an action upon a covenant of seizin the precise question here presented was discussed, and all of the judges concurred in the conclusion that the burden was upon the plaintiff. Cooley, J., in rendering the opinion, reviews the English and American cases and, in conclusion, says: Where parties contract concerning lands on the assumption that one of them is the owner, it is a reasonable presumption that they have first satisfied themselves by inquiry what the title is; and if a defect comes to their knowledge afterwards, the party complaining of it should point it out. The law cannot assume that defects exist when the parties concerned, who may fairly be supposed to have inquired into the facts, assume the contrary: *Ingalls v. Eaton*, 25 Mich. 32.

This doctrine is approved in the case of *Peck v. Houghtaling*, 35 Mich. 127. And in this last case the conclusion reached is that the party alleging breach of covenant of title must prove, not only the making of the covenants, but also the breach thereof, and has the burden of proving both branches.

In *Woolley v. Newcombe*, 87 N. Y. 605, Rapallo, J., in commenting upon this question, after reviewing the authorities cited by the plaintiff in this case, says: "It is manifest that under our present system of conveyancing, the making the title to real estate matter of public record as accessible to the vendee as to the vendor, the reason for the former rule entirely fails, and in this state it no longer has any foundation whatever to rest upon; and if the common law system of pleading still prevailed the plaintiff, in replying to a plea of seizin, would doubtless be required to state, as in other actions of covenant, the particulars of the breach, and thus assume the affirmative. * * * Under the code, however, no replication is necessary; issue is joined by the service of the answer. The defendant is not bound to set up in his answer

performance of the covenant, but may put in a general denial, and this puts in issue the allegation of the breach of the covenant and throws upon the plaintiff the burden of proving it."

As a general rule the party holding the affirmative of the issue takes the onus of proving. There are, of course, exceptions to this rule, yet the general proposition is that, in all instances where the right of action depends upon a naked affirmative, the party making it is charged with the burden of proving it. This is in keeping with the rule that the burden of proving is upon him who raises an issue which would be defeated if no proof was offered. The proof necessary in a case of this nature must establish the execution and delivery of the deed of conveyance, breach of the covenant and the damages resulting. And evidently the plaintiff in this cause, after obtaining the favorable ruling of the court to the effect that the defendant had the burden of proof, found it necessary to introduce testimony tending to establish the damages for which he sought to recover, and without such proof the court could not have rendered a judgment. If such proof was necessary, we think it follows that the plaintiff was bound to introduce proof upon the other issues raised by the pleadings.

The judgment must be reversed.

*Reversed.*