### ZERFING V. SEELIG *et al.*

1. Where a vendor of land subject to the lien of a tax certificate conveys the same to the vendee by warranty deed, with covenants against incumbrances, etc., and the vendee is put into possession and maintains the same without interruption, a tax title subsequently acquired by the vendor, based on such certificate. will not defeat an action brought by him against the vendee to recover the purchase price of the premises, since all title subsequently acquired by the vendor in such case passes to the vendee, under Comp. Laws, § 3254, subd. 4, providing that where real property is granted in fee simple, and the grantor subsequently acquires any title thereto, the same passes by operation of law to the grantee.

2. A defect in title to land conveyed by warranty deed will not defeat the vendor's right to recover the purchase price while the presumption that he is able to respond in damages remains unchallenged.

3. In an action by a vendor of lands conveyed by warranty deed to recover the purchase price from the vendee, the burden of showing failure to convey title as warranted is on the defendant.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Action by John Zerfing against Michael Seelig and another. From a judgment for plaintiff entered on a verdict directed for plaintiff, defendants appeal. Affirmed.

*Charles E. Davis* and *G. C. Moody*, for appellants.

In an action upon a covenant of seizen, where the defendant alleges that at the time of the conveyance he was well seized, the burden of proof is on the defendant, and plaintiff is not bound to prove that defendant has not kept his covenant. Mecklem v. Blake; 16 Wis. 106; Blackshire v. Iowa Homestead Co., 39 Ia. 624; 1 Greenl. Ev. § 74; Cockrell v. Practer, 65 Mo. 46; Abbott v. Allen, 14 Johns. 253; Talmadge v. Wallace, 25 Wend. 107.

*George B. Thompson*, for respondent.

The burden is upon plaintiff to make out his case. Wooley v. Newcombe, 87 N. Y. 605; Ingalls v. Eaton, 25 Mich. 32; Landt v Major, 2 Colo. App 551; Hamilton v. Shoaff, 99 Ind. 63.

FULLER, J. To defeat this action to recover the amount of three promissory notes, the defendants pleaded false and fraudulent representations on the part of plaintiff, and a failure of consideration resulting from a breach of all the covenants contained in a warranty deed from him to them for

which the notes were given. Judgment was entered upon a directed verdict for the full amount of plaintiff's claim, and the defendants appeal. The recitals of the deed amount to the usual covenants of seisin, against incumbrances, and for quiet enjoyment. The undisputed evidence shows that at the time the deed was executed respondent surrendered the actual possession of the premises to appellants, which, so far as disclosed by the record, they still maintain and enjoy without the slightest interruption.

At the time the sale was made, the lien of a tax certificate was upon the premises, and, at the apparent suggestion of appellants, the note first due was placed in escrow, under an agreement by which respondent was obligated to remove such incumbrance before the maturity of the note. For the avowed purpose of perfecting the title, and removing any cloud upon the premises that might be in existence, respondent gave his note to the holder of the certificate for the amount necessary to redeem, but allowed the sale to ripen into a tax deed, and afterwards took to himself a conveyance from the grantee named therein, which according to the old maxim and the statute as well, passed *ipso facto* to appellants all the title thus acquired. "Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee or his successors." Comp. Laws, § 3254, Subdiv. 4. Viewed in the light most favorable to appellants, there is nothing tending to support the imputation of fraud, or justify any inference that they were ever evicted or in the slightest degree disturbed in possession or quiet enjoyment. Were we to assume that a defect in the title exists, this action to recover the

purchase price could not be defeated while the presumption that respondent is able to respond in damages remains unchallenged.    Price v. Hubbard, 8 S. D. 92, 65 N. W. 436; Bowne v. Wolcott, 1 N. D. 415, 48 N. W. 336; Sanborn v. Knight (Wis.) 75 N. W. 1009.

Nor can the old rule of the common law, by which the burden was on the grantor to show affirmatively that there had been no breach of covenant, be invoked to defeat a recovery of purchase money, and relieve these grantees from offering testimony in support of their allegations of fraud and failure to convey title as warranted.    Ingalls v. Eaton, 25 Mich. 32; Landt v. Major, 2 Colò. App. 551, 31 Pac. 524; Hamilton v. Shoaff, 99 Ind. 63; Woolley v. Newcombe, 87 N. Y. 605; Hartshorn v. Cleveland, 52 N. J. Law, 473, 19 Atl. 974; Lathrop v. Grosvenor, 10 Gray, 52; Jerald v. Elly, 51 Iowa, 321, 1 N. W. 639. In Ingalls v. Eaton, *supra*, Judge Cooley says:  "The burden of showing want of title is on the defendant.  *  *  *  It would be a curious anomaly in the law if the vendor, with the deed alone in evidence, could recover the purchase price, and then that the vendee, on precisely the same evidence and no other, could immediately turn about and collect it back again, on an assumption that the deed had conveyed no title."    For the reasons above given the judgment of the circuit court is affirmed.