ZERFING v. SEELIG *et al.*

1.  ,n an action by a vendor of lands conveyed by warranty deed to recover the purchase price of the vendee, who alleged in defense a breach of the covenant of warranty, the burden of proof was on the covenantee to show such breach.

2.  In an ction by a vendor of lands conveyed by warranty deed to recover the purchase price of the vendee, where a breach of the covenant of title is pleaded in defense, a prima facie case is made when the covenantee has shown by the records the title to be in a third person, and, as far as the record goes, no chain of title connecting the covenantor with such title.

3.  In an action by a vendor of lands conveyed by warranty deed to recover the purchase price of the vendee, tue vendee alleged that at the time the consideration was transferred the plaintiff executed and delivered a warranty deed containing a covenant of warranty of title, but that the plaintiff was not the owner of the premises free and clear of incumbrances, as represented;  taxes thereon being due and constituting a lien, and a tax deed of the property having been issued.  The plaintiff admitted the execution of the deed, but denied the allegations of ..e issuance of a tax deed, and alleged in reply that, if defendant had been uispossessed, it was by reason of tax deeds issued in pursuance of sales maae for taxes levied and assessed subsequent to the execution of tne deed.  *Held*, that a breach of covenant was alleged as a defense, whicn was denied by the plaintiff, and hence defendant had the burden oi proving the breach.

4.  A covenant of seisin in a warranty deed is not broken by a tax deed of the property executed two months after the execution and transfer

of the warranty deed, though the tax certificate existed at the time of the execution and transfer of the warranty deed.

5.  Where the grantee of a warranty deed, as a part of ~ne consideration, executed three notes, one of which was delivered in escrow to his attorney to hold until certain taxes were paid, and the grantee, in an action by the grantor to recover the purchase money, admitted in two paragraphs of the answer the execution and delivery of the notes, he is precluded from urging that the note delivered in escrow was never in fact delivered

6.  In an action by the grantor of a warranty deed to recover from the grantee the purchase money, where the grantee, as part of the consideration, had delivered a note in escrow to his attorney, to be held until certain taxes on property were paid, evidence of the delivery of this note was properly received to show that the defendant had knowledge of the outstanding incumbrance; breach of covenant having been alleged in defense.

(Opinion filed April 2, 1901.)

Appeal from circuit court, Lawrence county, HON. JOSEPH B. MOORE, Judge.

*Davis & Davis (G. C. Moody, of counsel)*, for appellants.

*George B. Thompson*, for respondent.

This case was first decided by this court in an opinion reported in 12 S. D. 25, 80 N. W. 140, in which opinion the decision of the trial court, in favor of plaintiff, was affirmed. A rehearing was subsequently granted. This opinion is upon the rehearing. The former decision is affirmed.

CORSON, J. This case comes before us on rehearing. The opinion in the former case is reported in 12 S. D. 25, 80 N. W. 140. Upon the argument upon rehearing the learned counsel for the defendants insist that the court erred in holding that the burden of proof in the action upon the covenant of seisin is upon the covenantee, and not upon the covenantor, and that the true rule is as held by

the supreme court of Wisconsin, in Mecklem v. Blake, 16 Wis. 102, and by the supreme court of Iowa in Schofield v. Homestead Co., 32 Iowa, 321. This court, however, in its decision, followed the cases of Ingalls v. Eaton, 25 Mich. 32, and Wooley v. Newcombe, 87 N. Y. 605. In the lattter case the question was very fully considered by the court of appeals of New York. On the trial in that case the plaintiff put in evidence his deed and rested. The defendant, having introduced no evidence, moved for a dismissal of the complaint, and the plaintiff moved for a direction of a verdict in his favor. The court dismissed the complaint, and its decision was affirmed. RAPALLO, J., speaking for the court, in a very learned opinion refers to all the cases cited by counsel for the appellants in the case at bar, and traces the origin of the old common law rule, and the reasons for that rule, and says: "The counsel for the appellant concedes that the rule invoked by him is exceptional, and that the case itself is anomalous. If the rule exists as claimed, the case certainly presents the curious feature of an action for breach of covenant in which the defendant, in his answer, denies every allegation of the complaint, except that he executed the deed; and yet a judgment must go against him on the pleadings unless he proves affirmatively that he performed his covenant, no proof of its breach being required of the plaintiff. That this result followed under the common law system of pleading may be conceded, but in order to ascertain whether, under our present system, the same end can be reached, it is necessary to examine the origin of the former rule, and ascertain upon what it is founded." After reviewing some of the English cases he proceeds: "The reason for thus permitting the plaintiff to drive the defendant to the affirmative of the issue in an action upon this particular covenant is to be found in the system of conveyancing prevalent in England when these rules were estab-

lished. The owner of a landed estate depended for his title upon his title deed and muniments of title. These were not matters of public record, but were accessible only to the owner of the estate. * * * Where the owner of an estate sold the fee, the right to possession of the title deeds usually passed with it, and a conveyance in fee simple usually contained a grant of all deeds, evidences, writings, etc. * * * If the owner in fee sold without warranty, the purchaser was entitled to the title deeds, etc.; but, if he sold with warranty, he had a right to retain all deeds and evidences necessary to maintain his title. * * * It was to these rules that PLATT, J., had reference in Abbott v. Allen, 14 Johns. 248, where he said that a grantor giving covenants for title was not bound to deliver to his grantee the prior deed and evidences of his title. Under these customs and this state of the law, and before the recording acts, it is easy to understand why it should be held that in an action on the covenants of seisin the vendor was bound to disclose his title. He was allowed to retain the evidences thereof for the very purpose of answering to these covenants. It is equally manifest that under our present system of conveyancing and making the title to real estate matter of public record as accessible to the vendee as to the vendor, the reason for the former rule entirely fails, and in this state it no longer has any foundation whatever to rest upon; and, if the common law system of pleading still prevailed, the plaintiff, in replying to a plea of seisin, would doubtless be required to state, as in other actions of covenant, the particulars of the breach, and thus assume the affirmative. An action of this description would no longer be an exception to the general rules of pleading. Under the code, however, no replication is necessary. Issue is joined by the service of the answer. The defendant is not bound to set up in his answer performance of the covenant, and throws upon the plaintiff the bur-

den of proving it. There is nothing, consequently, either in the nature of the case, or in the form of the pleadings, which should throw upon the defendant the affirmative of the issue." We are still of the opinion that this court very properly held that, under our system of pleading and practice, the burden of proof is upon the party alleging the breach of the covenant of seisin, and that it would be unwise in this jurisdiction to require the covenantor, who admits the execution of the covenant, and in effect denies that there has been a breach of the same, to assume the burden of proof, and show that there has been no breach of the covenant, until the covenantee has made a *prima facie* case showing that there has been a breach of the covenant.

It is claimed by counsel for the appellants that under our recording statute a party is not required to record his muniments of title, and hence it might be difficult for the covenantee to show that the covenantor has no title; but this is more specious than real, for when the covenantee has shown by the records the title in some third person, and no chain of title connecting the covenantor with such title, so far as the records show, a *prima facie* case would be made out, and the covenantee would be entitled to recover damages on the covenant, unless the covenantor could show that he did in fact have title, and that there was no breach of the covenant. In the case at bar, had the defendants shown on the trial that Spear had vested in him the legal title to the property, in connection with the proof that there was no record showing that the title of Spear had passed to the plaintiff, they would have clearly made out a *prima facie* case; but, so far as the record before us discloses, the evidence of the register of deeds that the title of Spear had not passed to the plaintiff, either by direct or mesne conveyance, was clearly irrelevant and im-

material, as it does not appear from the record what connection Spear had, if any, with the property, and hence the court was clearly correct in disregarding that evidence. This court cannot presume or assume that Spear ever at any time owned or had the legal title to the property. If such was the fact, it should have been proven on the trial, and shown by the record in this court.

It is further insisted on the part of the appellants that under the pleadings in this case the burden of proof was upon the plaintiff to show that he had the title in fee to the property under his covenant of seisin, but we do not so construe the pleadings. The appellants in their answers set forth, in substance, that at the time the defendants paid the plaintiff the sum of $1,000, and executed the notes in controversy, the plaintiff executed and delivered to the appellants a warranty deed to the premises so purchased, containing covenants of warranty of title, which covenants are set out in the answers; that the defendants relied upon such covenants, and believed at all times that the premises in controversy were free and clear of all incumbrances, as was represented and warranted, and paid the purchase money and delivered the notes aforesaid fully believing in the truth of said covenants of warranty against incumbrances, and that a perfect and indefeasible title at law existed in the plaintiff at the time of the making of said deed. The defendants further alleged that the plaintiff was not the owner of said premises, and that the same were not free and clear of incumbrances as represented in the said covenant of warranty in the deed; that there was due and owing upon said premises, and constituted a lien thereon, personal property taxes of the plaintiff for the years 1888 to 1892, besides taxes due and owing upon said premises for the years above mentioned, and the said premises had been sold for taxes for the years before mentioned, and a valid and lawful tax deed had

been delivered to the purchaser thereof, and that plaintiff neither owned,nor had any right, title, or interest in or to, said premises at the time of giving the deed aforesaid. The plaintiff admitted the execution of the deed, denied each and every allegation of the fifth and sixth paragraphs of the answers, and alleged the facts to be that at the time of the delivery of the deed above mentioned there were charged against the said premises certain taxes for the years mentioned, but denied that any tax deed had been issued against said property, and alleged that the defendants well knew of the taxes levied against the property for the years aforesaid, and at the time of the delivery of the said deed afore-said, and the execution of the said notes, it was agreed by and between the plaintiff and the defendants that one of the said notes should remain in the hands of defendants' attorney and should not be delivered until said taxes were paid; that in conformity with said agreement, said note for $800 was left in the hands of the defendants' attorney, and that prior to the maturity of the same, on August 27, 1893, this plaintiff paid all of the taxes that had been assessed against the said property prior to the execution of the plaintiff's deed, and obtained the tax deed which had been issued for the year 1888, and so notified the defendants' attorney, and received from him the note left with him as security for the payment of said taxes. Plaintiff denied each and every allegation of the seventh paragraphs of the answers, and alleged the fact to be that, if the defendants have been dispossessed of the premises, it has been by reason of tax deeds issued in pursuance of sales made for taxes levied and assessed subsequent to the execution of the deed from the plaintiff to the defendants. The allegations in the reply are to be deemed controverted by the adverse party. It will thus be seen that the defendants set up as a defense to the action the

breach of the covenants contained in the deed, and that the plaintiff in his reply in effect denies that there was any breach of the covenants, denies that the defendants were dispossessed under any tax deed issued for the sale for taxes prior to his conveyance to the defendants, and alleges that if the defendants were dispossessed, it was by reason of tax deeds issued for taxes assessed and levied subsequent to the execution of his deed. The case, therefore, presents the usual conditions requiring a party setting up a defense to prove the same, and no valid reason occurs to us why the party so alleging his defense should not be required to prove the same in this class of cases, and no reason why there should be an exception made to the general rule. The court below was clearly right, therefore, in holding the defendants to the general rule, and, as they had failed to establish the allegations of their answers, in holding there were not facts to be submitted to a jury, so far as a breach of the covenant was involved.

Again, it is claimed by counsel for the appellants that this court was in error in holding that the tax deed issued to Kimball of the premises in controversy did not constitute a breach of the covenant of seisin; but the answer to this contention is that it is stipulated by the parties that this tax deed was not executed until April 27th—two months after the deed to the defendants and their notes to Zerfing were executed. Certainly the tax certificate, prior to its ripening into a deed, was simply a lien upon the property, and its existence was not a breach of the covenant of seisin. Whether it would constitute a breach of the covenant of warranty it is not necessary to decide, as, no eviction or payment of incumbrances being shown, no action would lie upon the covenant of warranty. The evidence of the tax deed, therefore, was clearly incompetent for the purpose of sustaining the defendants' defense to the action, and

whether or not the plaintiff had acquired Kimball's title under his tax deed was not material or relevant in this action; for, as we have before stated, the deed to Kimball was executed long subsequent to the execution of the deed by the plaintiff to the defendants.

Counsel for the appellants further contend that in any event there should be a new trial, for the reason that one of the notes executed by the appellants was never in fact delivered to the plaintiff, for the reason that it was placed in escrow only to be delivered when the tax certificate held by Kimball should be taken up and canceled by the plaintiff. But the learned counsel for the appellants must have overlooked the fact that the execution and delivery of the notes were alleged in the complaint and distinctly admitted in the answers, in two separate paragraphs. In the second paragraphs of defendants' answers they admit that on the 27th day of February, 1893, they executed and delivered to the plaintiff three certain promissory notes, similar in amount and tenor to those set out in plaintiff's complaint; and in the eighth paragraphs of the answers, defendants admit that the plaintiff is the owner and holder of the three several notes set out in plaintiff's complaint. The evidence in regard to the delivery of this note was properly received for the purpose of showing that the defendants had knowledge of this outstanding incumbrance in the form of a tax certificate, but it was certainly inadmissible for the purpose of contradicting the admissions in the answers. This court, therefore, would not be justified in reversing the judgment of the court below for the reason that there is evidence in the record that might possibly be construed as controverting the admissions in the answers. The judgment of the circuit court and the order denying a new trial are affirmed.